**In re Eddie Douglas AUSTIN, Jr., Andrea Lynn Prejean Austin, Debtors.**

**James H. McNAMARA and Margaret McInnis McNamara, Plaintiffs,**

**v.**

**Eddie D. AUSTIN, Jr., Defendant.**

**Bankruptcy No. 485–01276–LC–7.**
**Adv. No. 485–0254.**

United States Bankruptcy Court,
W.D. Louisiana.

May 27, 1987.

David L. Levingston, Lake Charles, La., for debtor/defendant.

Richard E. Gerard, Jr., Lake Charles, La., for the McNamaras.

OPINION

W. DONALD BOE, Jr., Bankruptcy Judge.

This matter comes before the Court on the complaint of James H. McNamara and Margaret McInnis McNamara against Eddie Douglas Austin, Jr. and Andrea Lynn Prejean Austin, debtors in a Chapter 7 case in this Court, seeking non-dischargeability of a debt on a $78,000.00 promissory note. Plaintiffs seek to have this debt declared non-dischargeable under Bankruptcy Code Section 523 as a debt for obtaining money by false pretenses, false representations, actual fraud, a false financial statement, or fraud or defalcation while acting as a fiduciary. Defendants contend that the debt is

dischargeable and deny that the debt was obtained by any falsity or misrepresentation. Defendants also seek attorneys fees and costs under Section 523(d).

The Court, having considered the evidence adduced at trial, the arguments of counsel, and the proposed findings of fact and conclusions of law submitted by the parties, now makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Eddie Douglas Austin, Jr. ("defendant") was a stockbroker with various brokerage houses since 1979. James and Margaret McNamara ("plaintiffs") were clients of the defendant for several years. Defendant and his wife, Andrea, were also social acquaintances of the plaintiffs.

In December 1984, Austin phoned the plaintiffs to request a loan, stating that he was in financial trouble. The next day defendant visited the plaintiffs, and Mrs. McNamara gave Austin a check dated December 27, 1984 for $10,000.00 (Plaintiffs' Ex. 3). The McNamaras wrote a second check to defendant for $64,864.00 dated December 31, 1984 (Plaintiffs' Ex. 4).

Austin gave the McNamaras his promissory note for $78,000.00 dated December 28, 1984, and as security therefor, made them beneficiaries of his life insurance policy (Plaintiffs' Exs. 1 and 2). Further, defendant mentioned to the McNamaras that the vesting of his retirement account with his then employer, A.G. Edwards & Sons, would "protect" them.

The $78,000.00 promissory note was payable in monthly installments of interest only in the amount of $780.00 per month, the first payment being due January 10, 1985, with payments continuing until May 31, 1986, at which time a balloon payment was due. (See Plaintiffs' Ex. 1.)

Evidence conflicted about whether or not plaintiff represented that his retirement account would be available to "pay off" the debt. The Court does not find that such a representation was made or relied on. The McNamaras were aware that defendant had been employed at A.G. Edwards only about a year and a half at the time they loaned defendant the money. In fact, Mr. Austin's employment with A.G. Edwards was terminated in April 1985, and he received only $3,392.40 from his retirement account. (See Ex. Austin No. 2.)

Plaintiffs aver that Austin's statement that his retirement account would "protect" them was false and induced them to lend him the money. The Court finds, however, that defendant did not mention the retirement account to plaintiffs until after plaintiffs had decided to lend the money to defendant.

The McNamaras never inquired about the source or amount of Austin's debts, and he did not volunteer the information. Defendant did not submit any written statements to the McNamaras pertaining to his retirement account or to his finances before he borrowed the money, and no such statements were requested.

At the time of the loan, defendant's total indebtedness was over $600,000.00, including guaranties he had signed and about $60,000.00 in account losses at A.G. Edwards. In November 1984, however, Austin managed to pay off a note to Calcasieu Marine Bank which required a larger monthly payment than the note to the McNamaras would require. Additionally, Austin qualified for a loan to purchase a house during the month before the McNamara loan was made. The Court finds from a preponderance of the evidence that Austin believed he could meet the monthly payments on the promissory note and was hopeful that he could repay the loan. Mrs. McNamara admitted at trial that she could not recall any untrue statements by Mr. Austin. Austin told the McNamaras he had financial troubles when he borrowed the money. Such evidence shows that Austin had no intent to defraud the McNamaras. The Court finds that defendant fully intended to repay the loan, and that he simply misperceived his ability to repay and exercised poor judgment in this area.

No evidence established a case against Andrea Lynn Prejean Austin and plaintiffs consented to voluntarily dismiss her at the close of their case.

## CONCLUSIONS OF LAW

This Court has jurisdiction to determine the dischargeability of a debt under Bankruptcy Code Section 523 as a "core proceeding" arising under Title 11. 28 U.S.C. § 157(b)(1) and (2)(I).

Section 523 of the Bankruptcy Code provides an avenue for a creditor to have his debt excepted from discharge on grounds of falsity in the incurring of the debt. 11 U.S.C. § 523(a) and Bankruptcy Rule 4007(a). In determining whether a particular debt is excepted from discharge, Section 523 should be construed strictly against the objecting creditor and liberally in favor of the debtor, consistent with the nature and philosophy of the bankruptcy system. *Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915); *City Nat'l Bank of Baton Rouge v. Knight (In re Knight)*, 421 F.Supp. 1387, 1391 (M.D. La.1976), *aff'd* 551 F.2d 861–62 (5th Cir. 1977); *overruled on other grounds* 616 F.2d 150, 151 (5th Cir.1980); *see also* 3 Collier on Bankruptcy ¶ 523.05A (15th ed. 1987).

The plaintiffs have the burden of establishing an exception to discharge of the debt by "clear and convincing" evidence. *In re Bogstad*, 779 F.2d 370, 372 (7th Cir. 1985).

One nondischargeable debt under Section 523 is a debt for money obtained by "false pretenses, a false representation, or actual fraud...." 11 U.S.C. § 523(a)(2)(A). In order to bar discharge of a debt for a false representation or false pretense, the creditor must show the debtor's purpose and intent was to deceive the creditor, and that the creditor relied on the representations. *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir.1986).

The word "false" means more than erroneous or untrue and imports an intention to deceive. *Knight*, 421 F.Supp. at 1390 (construing "false representations" under the Act); *see also* 3 Collier on Bankruptcy ¶ 523.08[4].

■ In the case at hand, there is neither intent to defraud by defendant nor reliance by plaintiffs. In fact no affirmative false representations were proved at trial; to the contrary, defendant indicated he was in financial trouble when he first requested the loan. Furthermore, the Court believes defendant had a present intention to repay the loan. *(See* Findings of Fact.) Since there are no false representations by defendant upon which plaintiffs relied, discharge of the debt to plaintiffs is not barred for "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A); *In re Hunter*, 780 F.2d at 1579–80; and 3 Collier ¶ 523.08[4].

Code Section 523 also excepts from discharge a debt obtained by use of a materially false written statement respecting the debtor's financial condition on which the creditor reasonably relied and that the debtor made with intent to deceive. 11 U.S.C. § 523(a)(2)(B). In view of this Court's findings that defendant delivered no written financial statements to the McNamaras, the Court holds that Section 523(a)(2)(B) does not bar discharge of the debt in question.

■ The Code also excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny," and any debt for "willful and malicious injury." 11 U.S.C. § 523(a)(4) and (6). Defendant never pretended he was accepting the money from plaintiffs in his capacity as their stockbroker or as their fiduciary; plaintiffs never thought that defendant would use the loan proceeds for their account. There was no evidence of a fraudulent taking or appropriation of the loan proceeds to constitute embezzlement or larceny. The suggestions in plaintiffs' brief that defendant's loan transaction with the McNamaras constituted fraud or defalcation by a fiduciary, embezzlement, larceny or a willful injury are unsupported by the evidence and without merit.

Plaintiffs' voluntary dismissal of Andrea Lynn Prejean Austin does not meet the requirements of Federal Rule 41(a)(1), because dismissal was neither (i) filed before service of the answer, nor (ii) signed by all the parties. *See* Fed.R.Civ.P. 41(a)(1) (applicable to this proceeding by Bankr.R.

7041). Thus, the voluntary dismissal is effected only "upon order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2). Since plaintiffs proceeded to trial with Mrs. Austin named as a defendant and submitted no evidence to establish a case against her,* the Court deems it proper to dismiss the case against her with prejudice. *See American Cyanamid Co. v. McGhee*, 317 F.2d 295, 298 (5th Cir.1963); and *Shinrone, Inc. v. Insurance Co. of North America*, 570 F.2d 715, 719 (8th Cir.1978).

■ The Code provides for the debtor's costs and reasonable attorney's fees in proceedings to determine the dischargeability of a consumer debt under Section 523(a)(2). 11 U.S.C. § 523(d). A "consumer" debt is one incurred for a "personal, family, or household" purpose. 11 U.S.C. § 101. The only evidence as to the purpose of the loan was that the debtor had accumulated account losses at A.G. Edwards and liabilities as guarantor on other debts. With no evidence that the debt was a consumer debt, the Court denies the request by defendant for attorneys fees.

The Court realizes that the discharge of the debt may be difficult for plaintiffs to accept. In weighing the facts, however, this Court must construe exceptions to discharge narrowly and must uphold the policy of the bankruptcy laws to allow the honest debtor a fresh start. *Gleason v. Thaw*, 236 U.S. at 562, 35 S.Ct. at 289; and *Knight*, 421 F.Supp. at 1391. The overriding purpose of the bankruptcy laws is to provide the bankrupt with comprehensive, much needed relief from the burden of his indebtedness by releasing him from virtually all his debts. *Murphy & Robinson Investment Co. v. Cross (In re Cross)*, 666 F.2d 873, 879 (5th Cir. Unit B 1982).

In consideration of the foregoing,

IT IS THE ORDER OF THE COURT that judgment be entered in favor of defendant, Eddie D. Austin, Jr., and against plaintiffs, James H. McNamara and Margaret McInnis McNamara, denying all relief

---

* The Court finds that any increase in the Austins' legal expenses due to this situation was *de min-*

sought by the complaint to determine dischargeability of debt;

IT IS FURTHER ORDERED that the complaint of James H. McNamara and Margaret McInnis McNamara against defendant, Andrea Lynn Prejean Austin, be and the same is hereby DISMISSED with prejudice; and

IT IS FURTHER ORDERED that the claim by defendants, Eddie D. Austin, Jr. and Andrea Lynn Prejean Austin, against plaintiffs, James H. McNamara and Margaret McInnis McNamara, for attorney's fees and costs be and the same is hereby DENIED.

Counsel for defendants is requested to submit a proposed form of judgment to counsel for plaintiff and to the Court.