**UNITED STATES of America, Plaintiff,**

v.

**Louis SINGLETON, Defendant.**

**Adv. No. 87–9093.**

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

Sept. 29, 1988.

Ross Nabatoff, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff.

Lisa Cohen, Lansing J. Roy, P.A., Keystone Heights, Fla., for defendant.

J. Michael Davis, Gainesville, Fla., trustee.

## MEMORANDUM OPINION

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

This case is before the Court on Defendant's Motion for Summary Judgment filed June 15, 1988. Plaintiff, the United States of America (Farmers Home Administration), seeks exception from discharge for its claim under 11 U.S.C. § 523(a)(2)(A). Plaintiff responded to the summary judgment request, and both parties have submitted documents and materials in support of their respective positions. A hearing on the motion was noticed on July 15, 1988, and conducted by the Court on August 10, 1988. The Court has jurisdiction pursuant to 28 U.S.C. § 157. This is a core proceeding under Title 11. For the following reasons, Defendant's motion for summary judgment is granted.

Debtor, Louis Singleton[1], was a poor black man, in his late sixties, who never completed the sixth grade. He filed his Petition for Relief under Chapter 12 on April 16, 1987, and listed Farmers Home Administration (FmHA) as a secured creditor. On July 2, 1987, FmHA filed a complaint for determination of dischargeability of its debt, alleging mutual mistake by the parties in describing the wrong property in a note and mortgage given to FmHA by the Debtor. When the Debtor's motion for more definite statement was granted, FmHA amended its complaint on February 4, 1988, dropping the allegations of mutual mistake and alleging fraud and intentional misrepresentation by the Debtor.[2] FmHA further alleged it relied upon Debtor's false representations of the property description in preparing the mortgage documents. This incorrect property description was not discovered until counsel for the Debtor prepared the petition to file bankruptcy, approximately ten years after the note and mortgage were signed.

The Debtor borrowed approximately $25,000 from FmHA to build a home in 1977. The Debtor met with Solomon Sanders, the FmHA representative, to qualify for the loan. As security for the loan, the Debtor executed a note and mortgage in favor of FmHA. This note and mortgage described ten acres of land adjacent to the one acre on which the home was actually built. The loan documents were prepared for FmHA by an attorney, Covington Johnston[3]; on forms supplied by FmHA. No

---

1. Louis Singleton died during the pendency of the bankruptcy proceeding. Carl Singleton and the Estate of Louis Singleton have been substituted as parties in interest by order of August 23, 1988.

2. These two factual theories are contradictory. The amendment appears to be an attempt to allege facts sufficient to defeat discharge of the underlying debt, since there is no indication that additional facts have materialized since the complaint was initially filed. There was no additional formal discovery prior to the amended complaint, and FmHA articulated nothing new at hearing.

3. FmHA did not submit the affidavit of Mr. Johnston to show how he received the incorrect property description contained in the documents he prepared.

loan documents were prepared by the Debtor. In addition, the Debtor was not represented by counsel. Covington Johnston, a local attorney, was selected by FmHA to prepare the necessary closing documents and the note and mortgage. The Debtor signed a Request for Title Opinion and Title Services agreeing to be responsible for payment of Mr. Johnston's fees as part of the closing costs. This form letter was prepared at FmHA's request. Mr. Johnston was, at best, a neutral attorney engaged to handle the paperwork associated with the closing of the loan.

During the year before the Debtor borrowed the funds from FmHA, he received approximately ten acres of property by summary administration of his father's estate. This ten acres was surveyed for the probate proceedings and the survey was recorded in the Public Records of Alachua County. One acre of land adjacent to the larger parcel was specifically excepted out of the survey because it already belonged to the Debtor and was not part of the probate proceedings. The one acre parcel is where the Debtor's home was built. The note and mortgage should have described this one acre lot, but instead described the ten acre parcel excluding the one acre.

FmHA alleges that the Debtor purposely provided the wrong property description with the intent to deprive Farmers Home of a lien on his home. In support of its allegation, FmHA submits the affidavit[4] of Solomon Sanders, the County Supervisor of Alachua County responsible for administering FmHA loans during 1977. Mr. Sanders approved the Singleton loan on behalf of FmHA. Mr. Sanders' affidavit states no more than what the "usual procedures" of FmHA were in 1977:

> In accordance with the usual procedures of FmHA I received the legal description of the land where the house was to be located and upon which our mortgage

was to attach from the borrower Mr. Louis Singleton.

Affidavit of Solomon Sanders at paragraph III.

Accepting the above as true, the affidavit does not indicate what property was described, whether the Debtor knew what property was described, whether the description given was used, whether more than one description was given, or whether the description given was forwarded to the attorney preparing the closing documents. The affidavit shows nothing about the Debtor's intent to deceive FmHA. Without more, the Court would be required to grant a directed verdict at the close of Plaintiff's case if a trial was held. Apparently FmHA has no more probative evidence. They have not submitted any evidence to show the Debtor provided the property description to FmHA or anyone associated with loan closing.

Summary judgment motions are governed by Bankruptcy Rule 7056, which adopts Federal Rule 56 in its entirety. Rule 56(c), Fed.R.Civ.Proc., provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Recently the Supreme Court in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), explained the emphasis of Rule 56:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

---

**4.** The affidavit of Solomon Sanders, based on "knowledge and belief" is legally insufficient under Rule 56. This alone would merit granting summary judgment. Rule 56(e) requires that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Even if the affidavit was based on personal knowledge, standing alone it is insufficient to defeat summary judgment.

*Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211 (emphasis in original).

Following the *Anderson* case, the Supreme Court in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) held:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "(T)h(e) standard (for granting summary judgment) mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a).…" *Anderson v. Liberty Lobby, Inc.,* ante, at 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

*Celotex Corp. v. Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53, 91 L.Ed.2d at 273–74.

The party opposing summary judgment has the burden to come forward and demonstrate sufficient factual disputes to justify the need for trial.

The Supreme Court noted substantive law identifies which facts are material. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211. In addition, the dispute about a material fact must be genuine. The opponent of a summary judgment motion must specifically identify issues to be resolved at trial. The court must determine whether there is the need for a trial—"whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 213. Both parties must submit sufficient evidence for this determination. Summary judgment may be granted if the non-moving party's evidence is not significantly probative. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

Because exceptions to discharge substantially frustrate the fresh start objective of the Bankruptcy Code and the rehabilitative goal of discharge provisions, they are to be strictly construed against an objecting creditor and in favor of debtors. *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915). Accordingly, FmHA has the burden to prove by clear and convincing evidence each element set forth in Section 523(a)(2)(A). *In re Hunter,* 780 F.2d 1577, 1579 (11th Cir.1986). In *Hunter,* the Eleventh Circuit Court of Appeals set forth the elements a creditor must establish under § 523(a)(2)(A):

> In order to preclude the discharge of a particular debt because of a debtor's false representation, a creditor must prove that: the debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and the creditor sustained a loss as a result of the representation. The debtor must be guilty of positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality.

*Hunter,* supra, at 1579 (citations and footnote omitted).

Intent to deceive may be inferred when a debtor knew or should have known the falsity of a statement made. *In re Valley,* 21 B.R. 674 (Bkrtcy.D.Mass.1982). FmHA has failed to produce clear and con-

vincing evidence that Defendant knew the property description contained in the note and mortgage were incorrect. In deposition, the Debtor stated he did not know FmHA did not have a lien on his home until his attorney was preparing the petition for bankruptcy. There is no sufficiently probative evidence to show the Debtor knew the property description in the note and mortgage were incorrect. The Court cannot infer intent in the face of Debtor's unrefuted testimony and the lack of credible evidence presented by FmHA.

Plaintiff argues summary judgment is generally inappropriate in cases involving issues of intent, as in fraud. *Matter of Baitcher*, 781 F.2d 1529 (11th Cir.1986). However, the policy underlying Rule 56, Federal Rules of Civil Procedure, mandates that "the moving party has the right to judgment without the expense of a trial where there are no issues of fact left for the trier of fact to determine." *Ackerman v. Diamond Shamrock*, 670 F.2d 66, 69 (6th Cir.1982). Where there is no probative evidence of intent, there is no issue of fact remaining for trial, "... since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553, 91 L.Ed.2d at 273. It is apparent the incorrect property description resulted from the failure of FmHA to adequately insure the proper description was contained in the note and mortgage—not from fraud by the Debtor. Based on the Debtor's deposition, his education and background, it is doubtful the Debtor could even read and understand the property description contained in the various documents he executed in favor of FmHA.

Accordingly, the Debtor is entitled to summary judgment as a matter of law.

Counsel for the Debtor also filed a motion for Rule 9011 sanctions on June 15, 1988. The parties were noticed of the August 10, 1988, hearing by the Clerk's office on July 15, 1988. FmHA filed a response to the Debtor's motion on June 24, 1988.

Bankruptcy Rule 9011, adopts Rule 11, Federal Rules of Civil Procedure, with only minor changes to make the text of the rule appropriate to bankruptcy cases. Rule 9011(a) provides in part:

> The signature of an attorney of a party constitutes a certification that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.

The language of Rule 9011 imposes an affirmative duty on an attorney to conduct a pre-filing inquiry into the facts and the law. Advisory Committee Note to Rule 11. The Eleventh Circuit, in *Donaldson v. Clark*, 819 F.2d 1551 (11th Cir.1987), describes amended Rule 11 as incorporating an objective standard of conduct, more stringent than the original good faith formula. *Donaldson*, at 1556, citing Advisory Committee Notes to Rule 11. The objective standard requires the court to "test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Id.*

Rule 11 itself allows courts the discretion to fashion sanctions to fit the appropriate cases:

> If a document is signed in violation of this rule, the court on motion or upon its own initiative, shall impose upon the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Bankruptcy. Rule 9011.

▮ It appears that Rule 11 was violated by counsel for FmHA. The complaint, as originally filed, alleged mutual mistake by

the parties and asked the Court to establish a lien on Debtor's home. When it became apparent to FmHA that the relief sought—reformation of the note and mortgage to grant FmHA a lien on debtor's home—was not legally available [5], FmHA amended the complaint to have their debt excepted from discharge on the basis of fraud and false representation. It is apparent the change in theory resulted from the realization that the requested relief could not be granted, and not the result of further inquiry into the facts. At hearing on August 10, 1988, counsel for FmHA did not disclose any new information to support the factually inconsistent allegations of fraud and false representation. It is improper for an attorney to allege a position in a complaint or other filing which is not fairly supportable by the known pre-filing facts. The Court believes this proceeding was filed by FmHA for an improper purpose and that sanctions against the United States through its agencies FmHA and the United States Attorney for the Northern District of Florida, are warranted under the circumstances. Upon review of the Certificate of Professional Services Rendered submitted by counsel for the Debtor on June 15, 1988, and further review of the pleadings filed subsequent thereto, we find an award of $2500 as attorney's fees and costs to be the appropriate sanctions to be imposed.

A separate judgment will be entered in accordance with the Court's findings.

5. Prefiling legal research—as required by Rule 11—would have disclosed that "mutual mistake" was an inadequate basis for relief.