In re Norman J. LANGE, Debtor.

CSM FEDERAL CREDIT UNION,
Plaintiff-Appellee,

v.

Norman J. LANGE,
Defendant-Appellant.

Bankruptcy No. C–1–84–520.
Related Case No. 1–83–00074.
Adv. No. 1–84–0334.

United States District Court,
S.D. Ohio, W.D.

July 19, 1984.

Arthur E. Freedman, Cincinnati, Ohio, for plaintiff-appellee.

Norman J. Lange, pro se.

Norman Slutsky, Cincinnati, Ohio, for defendant-appellant.

## OPINION

SPIEGEL, District Judge:

This is an appeal from the decision of Bankruptcy Judge Burton Perlman, finding that $6,340 of the debt due appellee (hereinafter CSM or plaintiff) by appellant (Lange) was non-dischargeable under 11 U.S.C. § 523(a)(2). For the following reasons, we affirm the decision of the Bankruptcy Court.

In January 1983, appellant filed for relief under Chapter 7 of the Bankruptcy Code. An adversary proceeding was commenced by appellee to determine that the debt due from appellant was non-dischargeable under 11 U.S.C. § 523(a)(2)(A) and (B). On February 3, 1984, Judge Perlman rendered a decision finding $6,340 of the debt owed to appellee by appellant to be non-dischargeable. We have reviewed the Certificate of Appeal by the Bankruptcy Court and note that the items designated to be included in the record on appeal by the appellant pursuant to Bankruptcy Rule 8006, were the decision of the Bankruptcy Court and the judgment on that decision, both dated February 3, 1984. Plaintiff's exhibits 1 through 8 and the agreed exhibits 1 through 5 from the trial held on October 25, 1983 were designated by the Court and also included in the Certificate of Appeal. However, the transcript of the testimony at the trial was not included.

We have reviewed Judge Perlman's decision (doc. 5 of the Certificate of Appeal) in which he discusses the testimony of the parties and makes the necessary findings of facts which are predicate to his conclusion of law that $6,340 of the debt due appellee by appellant is non-dischargeable under 11 U.S.C. § 523(a)(2). We are not favored with a transcript of the testimony; however, based upon a review of the certificate of appeal, which is before us, we cannot say that his findings of fact are clearly erroneous.

This is a dischargeability case in which the appellee Colorado School Mines Federal Credit Union (CSM) brought an adversary proceeding seeking a determination that four debts resulting from loans made by debtor-appellant Norman J. Lange are non-dischargeable. Title 11 U.S.C. § 523(a)(2) provides that a debt is not dischargeable if the creditor can establish by clear and convincing evidence, the following elements: 1) that the debtor knowingly made false representations; 2) that the debtor made the representations with the intent to deceive; 3) that the creditor actually relied on the representations, and the reliance under the circumstances was reasonable; and 4) that the reliance was a proximate cause of the creditor's loss. *In Re Browning*, 31 B.R. 995, 999–1000 (S.D.Ohio 1983); *In Re Hagedorn*, 25 B.R. 666, 668 (Bankr.S.D. Ohio 1982); *Miles Employee Federal Credit Union v. Griffin*, 22 B.R. 821, 824 (Bankr.S.D.Ohio 1982); *Livingston v. Hospelhorn*, 18 B.R. 395 (S.D.Ohio 1982).

This case came on for a bench trial following which Judge Perlman made detailed findings of fact and conclusions of law. The findings included the fact that, at the time the debtor filed his written loan applications, he had substantial additional indebtedness which was not disclosed. As Judge Perlman stated:

> There is no question that defendant did not list all of his existing creditors on his various loan applications with plaintiff and, therefore, there is no question that there was misrepresentation. After careful consideration of all the evidence, we have further concluded that the intent to deceive element is satisfied.

> \*　　\*　　\*　　\*　　\*　　\*

> We conclude that, at best, from defendant's point of view, what can be said is that he did not have a specific intent to deceive plaintiff in failing to disclose all of his outstanding debts. He did, however, knowingly and deliberately fail to list them, displaying a reckless disregard for the truth of his statements. This is sufficient to make out this element of plaintiff's case. *In Re Hospelhorn*, 18 BR. at 398.

(doc. 5, Certificate of Appeal, at 6–7). At this point, we digress briefly to discuss the intent to deceive element of a § 523(a)(2)(B)

non-dischargeability exception. We note that the appellant is prosecuting his appeal *pro se.* His request that this Court hold that a finding of intent to harm the creditor is necessary to a showing of non-dischargeability is wide of the mark as that standard relates to § 523(a)(6). Nevertheless, when viewed with the indulgence appropriately accorded the papers of a *pro se* litigant, we think appellant adequately raises the issue of whether a reckless disregard for the truth of his statements constitutes the requisite intent to deceive.

■ We are aware of some recent authority that suggests that something more than a reckless disregard for the truth of the debtor's statements is a necessary predicate to a determination of non-dischargeability under § 523(a)(2). *See, e.g., In Re Hunt,* 30 B.R. 425, 440–47 (Bankr.M. D.Tenn.1983).[1] Nevertheless, after consulting the legislative history of § 523(a)(2), we conclude that where a debt is obtained by the creditor's reasonable reliance on false written statements of the debtor's financial condition, a reckless disregard for the truth of those statements is an adequate basis for the intent to deceive necessary to a finding of non-dischargeability.

We acknowledge that a subjective standard may be applicable to some claims of non-dischargeability under § 523(a)(2). For example, the "actual fraud" provision in § 523(a)(2)(A) seems to contemplate a subjective standard. However, that subsection is not our concern where a false writing is involved as contemplated in § 523(a)(2)(B). As the legislative history makes clear, subsections (A) and (B) of § 523(a)(2) are mutually exclusive. *See* 124 Cong.Rec. H 11089, — (daily ed. Sept. 28, 1978) *reprinted in* 1978 U.S.Cong. & Admin.News 6355, 6436, 6453 (statements of Rep. Don Edwards); 124 Cong.Rec. S 17406, — (daily ed. Oct. 6, 1978) *reprinted in* 1978 U.S.Cong. & Admin.News 6506, 6522 (Statements of Sen. Dennis DeConcini). We also note that

the legislative history manifests Congress' intention to overrule existing case law (*e.g., Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1902)), holding that the recklessness standard applicable to claims based upon the willful and malicious language of § 17a(2) of the 1898 Bankruptcy Act (previously codified at 11 U.S.C. § 35(a)(2)). *See* H.R.Rep. 95–595, 95th Cong.2d Sess. 365 (1978) *reprinted in* 1978 U.S.Cong. & Admin.News 5787, 5963, 6320–21; S.Rep. 95–989, 95th Cong.2d Sess. 79 (1978) *reprinted in* 1978 U.S.Cong. & Admin.News 5787, 5865. However, the breadth of any reading of this legislative history is limited by the comments specifically directed to the intent to deceive requirement related to false writings, *i.e.,* 11 U.S.C. § 523(a)(2)(B)(iv). The legislative history pertinent to this section states that "[s]ection 523(a)(2)(B)(iv) is not intended to change from present law...." 124 Cong. Rec. H 11089, — (daily ed. Sept. 28, 1978) *reprinted in* 1978 U.S.Cong. & Admin. News 6436, 6453 (statements of Rep. Don Edwards) 124 Cong.Rec. S17406, — (daily ed. Oct. 6, 1978) *reprinted in* 1978 U.S. Cong. & Admin.News 6505, 6522 (statements of Sen. Dennis DeCencini).

■ Based upon our reading of the legislative history, we conclude that unless otherwise qualified, either in the terms of the statute or in the legislative history, the intent to deceive requirement under the 1978 Bankruptcy Act is satisfied by the same standards as would satisfy its predecessor under the 1898 Act.

■ It is clear that under the 1898 Act a reckless disregard for the truth of one's statements was sufficient to constitute a debtor's intent to deceive. *See e.g., Marimura, Arai & Co. v. Talback,* 279 U.S. 24, 49 S.Ct. 212, 73 L.Ed. 586 (1929); *In Re Houtman,* 568 F.2d 651 (9th Cir.1978); *Third National Bank v. Schatten,* 81 F.2d 538 (6th Cir.1936). As the intent to receive requirement under § 523(a)(2)(B) is not otherwise qualified, we conclude that this re-

---

**1.** The *Hunt* opinion discusses a subjective standard of "intent to defraud" under § 523(a). Clearly, such a standard is not entirely harmoni-

ous with the recklessness standard which is premised on an objective criterion of reasonableness.

quirement is satisfied by a showing of the debtor's reckless disregard for the truthfulness of written statements provided creditors. Indeed, this conclusion is implicit in Judge Hogan's affirmance of the Bankruptcy Court's decision in *In Re Hospelhorn*, 18 B.R. 395 (S.D.Ohio, 1982) (opinion of the Bankruptcy Court reported at 18 B.R. 395 (Bankr.S.D.Ohio 1983)). We agree with the precedent set by Judge Hogan and thus conclude that the Bankruptcy Court applied the proper standard on the issue of intent to deceive.

As to the reliance element of non-dischargeability, Judge Perlman concluded that

> The evidence establishes that plaintiff did rely on the financial information supplied to it by the defendant in his loan applications.... Reliance is clear.

(doc. 5 of Certificate of Appeal at 8). Judge Perlman further found that reliance was clearly reasonable with regard to the first loan only.

The Bankruptcy Court's recitation of the facts indicates that at the time of the application for the second loan, CSM discovered that an existing auto loan had been omitted from the first loan application. Judge Perlman concluded that:

> [w]hen plaintiff essentially ignored the clear warning provided by knowledge that an existing auto loan had been omitted from the first loan application and, thereafter, continued unquestioningly to

rely on defendant's application, its reliance became unreasonable.

(doc. 5 at Certificate of Appeal at 9–10).

Finally, the Bankruptcy Court found that the reliance on the initial loan was the proximate cause of the loss sustained and, therefore, that $6,340 of defendant's debt to plaintiff was non-dischargeable, and that the balance of the debt may be discharged. We think an examination of Judge Perlman's decision reflects his awareness of the elements of a non-dischargeability claim and the appropriate standard of proof. Thus, we cannot say that Judge Perlman's conclusions of law are incorrect nor his findings of fact clearly erroneous. Therefore, there being no error in the aforesaid findings of fact that the appellants made false representations with the intent to deceive which were relied upon reasonably by the appellee, and which reliance was the proximate cause of the appellee's loss, the requirements of 11 U.S.C. § 523(a)(2) have been met, accordingly, it is the opinion of the Court that the decision of the Bankruptcy Court is affirmed.

SO ORDERED.