ALLGOOD, Senior District Judge:
 

 Ira Laurence Hunter was the manager of a Miami, Florida branch office of Thomson McKinnon Securities, Inc., a securities broker. Hunter was also an account executive, engaged in retail sales for Thomas McKinnon, and managed the account of Edwin Schweig. In January, 1982 Hunter contacted Schweig about obtaining a personal loan in the amount of $168,000. Hunter suggested that Schweig open a margin account with Thomson McKinnon in order to facilitate the transfer of funds. Schweig placed 24,000 shares of stock pledged to Thomson McKinnon into the account. Thomson McKinnon then issued Schweig a check for $168,000, which he endorsed and delivered to Hunter in exchange for a promissory note in that amount.
 

 Schweig never questioned Hunter about his financial condition — personal or otherwise. Schweig also did not ask for a financial statement or run a credit check before making the loan. Hunter ultimately defaulted on the note after partially repaying it by depositing funds in the margin account.
 

 In June, 1982 Hunter left Thomson McKinnon and in July, 1982 was suspended as a registered representative of the New York Stock Exchange. On October 5, 1982 Hunter filed a petition in the United States Bankruptcy Court for the Southern District
 
 *1579
 
 of Florida. On April 6, 1983, Schweig filed a complaint asking for a determination on the dischargeability of the debt. Schweig contended that Hunter had been heavily engaged in a variety of gambling activities for a number of years, and that Hunter’s failure to disclose his gambling activities and his past embezzlement of funds from customers’ accounts amounted to fraud. He therefore contends that the debt owed him by Hunter is non-dischargeable under 11 U.S.C. § 523(a)(2)(A).
 

 The Bankruptcy Court found that the facts alleged by Schweig, if proven, would be insufficient to establish fraud that would preclude a discharge in bankruptcy. Accordingly, the complaint was dismissed with prejudice and relief from the automatic stay was denied. The District Court affirmed and this appeal followed.
 

 On appeal, the appellant contends that the District Court erred in: (1) finding that Hunter’s scheme did not as a matter of law constitute fraud, and (2) in declining to order the Bankruptcy Court to lift the automatic stay so that Schweig could bring an action in state or federal court for common law fraud.
 

 Because of the very nature and philosophy of the Bankruptcy law the exceptions to dischargeability are to be construed strictly,
 
 Gleason v. Thaw,
 
 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915), and the burden is on the creditor to prove the exception.
 
 Danns v. Household Finance Corp.,
 
 558 F.2d 114 (2d Cir.1977).
 

 Schweig failed to allege any express, affirmative misrepresentations. The basis of his complaint was that Hunter had a duty to voluntarily disclose his gambling debts and unstable financial conditions and his failure to do so amounted to obtaining funds through false pretenses, a false representation, or actual fraud thus making the debt not dischargeable.
 

 In order to preclude the discharge of a particular debt because of a debtor’s false representation, a creditor must prove that: the debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and the creditor sustained a loss as a result of the representation.
 
 [1]
 

 See, In re Lange,
 
 40 B.R. 554 (D.C. Ohio 1984);
 
 In re McGrath,
 
 7 B.R. 496 (D.C.N.Y.1980);
 
 In re Hunt,
 
 30 B.R. 425 (M.D.Tenn.1983). The debtor must be guilty of positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality.
 
 Neal v. Clark,
 
 95 U.S. 704, 5 Otto 704, 24 L.Ed. 586 (1887);
 
 Gabellini v. Rega,
 
 724 F.2d 579 (7th Cir.1984);
 
 In re Pedrazzini,
 
 644 F.2d 756 (9th Cir.1981);
 
 Massachusetts v. Hale,
 
 618 F.2d 143 (1st Cir.1980);
 
 In re Preston,
 
 47 B.R. 354 (E.D.Va.1984);
 
 In re Byrd,
 
 4 C.B.C. 205, 9 B.R. 357 (D.D.C.1981); [1978] U.S.Code Cong. & Ad.News, 6453. The burden is on the creditor to prove the debt- or’s culpability by clear and convincing evidence.
 
 In re O’Karma,
 
 46 B.R. 422 (D.C. Pa.1984);
 
 In re Schwartz,
 
 45 B.R. 354 (S.D. N.Y.1985);
 
 In re Browning,
 
 31 B.R. 995 (S.D.Ohio 1983);
 
 In re Musser,
 
 24 B.R. 913
 
 *1580
 
 (W.D.Va.1982);
 
 In re Colasante,
 
 12 B.R. 635 (E.D.Pa.1981).
 

 In spite of Schweig’s protestations to the contrary,
 
 Davison-Paxon Co. v. Caldwell,
 
 115 F.2d 189 (5th Cir.1941),
 
 cert. denied
 
 313 U.S. 564, 61 S.Ct. 841, 85 L.Ed. 1523 (1941), remains the law of this circuit on failure to disclose and states that “not making full disclosure ... is not within the exception.” The court was clear that there must be actual overt false pretense or representation to come within the exception. The absence of explicit representations concerning financial conditions by the bankrupt requires a holding that there have been no false pretenses or false representations.
 
 Id.
 

 The Bankruptcy Court correctly noted that:
 

 ... Bankruptcy law does not mandate that a debtor voluntarily disclose, without solicitation by a creditor, his personal habits, tendencies, welfare and life style, such as marital and family related problems, alcoholism, compulsive gambling and current state of physical and mental health, all of which may affect, directly and indirectly, the debtor’s ability to satisfy his debts and obligations to disclose such matters to Schweig, unless Schweig requested information of this nature.
 

 To require such a myriad of unbounded unsolicited disclosures by a debtor can only lead to confusion in the minds of debtors as to the information which he may be required to reveal to a creditor.
 

 Schweig further contends that Hunter was his stockbroker which placed him in a special fiduciary relationship and which required application of securities law to this case. The Bankruptcy Judge found that Schweig and Hunter contemplated and consummated a personal loan. The record certainly supports that conclusion.
 

 The above statement of facts reveals an example of misplaced trust and failure to investigate creditworthiness or to ferret out ordinary credit information. This court does not believe the circumstances surrounding the failure to use ordinary precautionary measures prior to making a sizable loan warrant finding that the debtor was bound to volunteer or confess his transgressions, and concludes that the District Court’s decision to affirm the decision of the Bankruptcy Court must likewise be AFFIRMED.
 

 [1]
 

 . 11 USCS § 523(a)(2)(A) as codified by the Bankruptcy Code of 1978 provides:
 

 § 523. Exceptions to discharge (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
 

 [[Image here]]
 

 (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—
 

 (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor’s or an insider's financial condition; or
 

 (B) use of a statement in writing—
 

 (i) that is materially false;
 

 (ii) respecting the debtor’s or an insider’s financial condition;
 

 (iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and
 

 (iv) that the debtor caused to be made or published with intent to deceive;