**Bobbie T. COSPER, Plaintiff,**

v.

**Mark Evan FREDERICK a/k/a d/b/a Law Office of Mark Evan Frederick, Defendant.**

**Bankruptcy Nos. 86–9121, 86–04153.**

United States Bankruptcy Court, N.D. Florida, Pensacola Division.

June 25, 1987.

Matthew Burns, Destin, Fla., for plaintiff.

Dana Matthews, Destin, Fla., for defendant.

## ORDER AND
## MEMORANDUM OPINION

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on to be heard upon the motion for summary judgment filed herein by the defendant, Mark Frederick. The complaint filed by the plaintiff is for a determination of the dischargeability of a debt pursuant to Section 523(a)(2) of the Bankruptcy Code. Upon a review of the record herein and pre-trial stipulation of the parties, the Court makes the following findings of pertinent fact:

On August 12, 1983, defendant purchased a certain parcel of real property located in Destin, Florida from plaintiff. Defendant paid plaintiff $30,000 cash at time of closing and defendant executed a promissory note and first mortgage to plaintiff in the original principal sum of $35,000.

Subsequently on March 22, 1984, plaintiff executed a subordination agreement whereby plaintiff agreed to subordinate her promissory note and mortgage referenced above to a promissory note and first mortgage to be executed by defendant in favor of the First National Bank of Destin (FNB) in the original principal sum of $165,000. On or about April 11, 1984, defendant executed the anticipated promissory note in the original principal sum of $165,000 in favor of FNB and secured said note by a first mortgage on the real property securing plaintiff's $35,000 promissory note, as expected. Thereafter, on September 14, 1984, defendant executed another promissory note in the original principal sum of $30,000 in favor of FNB, said note secured by a future advance agreement on the first mortgage referred to hereinabove.

On or about May 31, 1985, FNB filed a complaint for breach of its promissory notes and for foreclosure of the mortgage and future advance agreement securing same in the Circuit Court of Okaloosa County, Florida. Plaintiff filed an answer to FNB's complaint and filed a cross-claim against defendant for breach of the $35,000 promissory note. Upon hearing, plaintiff obtained a final judgment against defendant on the cross-claim referred to above in the total sum of $29,944.68. Plaintiff then executed an assignment of this final judgment to Florida State Bank.

On April 15, 1986, defendant filed a Chapter 7 petition and on August 1, 1986, plaintiff filed her complaint seeking to have the state court final judgment obtained by her against defendant excepted from discharge. The complaint alleges that the final judgment is a "debt for an extension, renewal or a refinancing of credit obtained by a false representation" as defined in 11 U.S.C., § 523(a)(2)(A) or by use of a "written statement which the debtor caused to be made with the intent to deceive" as defined in 11 U.S.C., § 523(a)(2)(B)(iv).

The complaint alleges that the debtor/defendant induced the creditor/plaintiff herein to subordinate her mortgage to that of FNB by his representations to her that the FNB mortgage would be limited to $165,000. The subsequent loan of $30,000 to the debtor from FNB pursuant to its future advance clause allegedly resulted in a loss of the equity position of the plaintiff. Thus upon the defendant's default and subsequent foreclosure by FNB and foreclosure sale, the proceeds of sale were insufficient to pay this plaintiff on her subordinated mortgage. The complaint alleges that had the plaintiff not subordinated her mortgage to that of the FNB in reliance on the defendant's representations that the first mortgage would not exceed $165,000, the plaintiff would have been made whole by the foreclosure sale. The plaintiff contends that the judgment received in state court was the proximate result of the defendant's refinancing of credit by means of

the subordination agreement which was obtained by false representations by the debtor caused to be made with intent to deceive. After denial of a motion to dismiss filed by defendant, the answer, amended answer, and affirmative defenses were filed. On April 17, 1987, plaintiff filed a reply to defendant's affirmative defenses and on May 7, 1987, defendant filed a motion for summary judgment, said motion the subject of this order and memorandum opinion.

The affirmative defense and motion for summary judgment both posit that the statutory basis for the plaintiff's claim, § 523(a)(2) requires that the debt, to be deemed non-dischargeable, must arise from an extension, renewal or refinancing of credit obtained by the debtor's false representations or statement in writing. The motion recites that the creditor/plaintiff's final judgment was for sums due her from debtor as a result of the promissory note dated August 12, 1983; that although the plaintiff seeks to rely on the subordination agreement dated March 22, 1984, that such is not an "extension, renewal or refinancing of credit" but rather a subordination of collateral for an underlying debt; that the subordination agreement was merely a document which relegated the plaintiff to a second mortgage position to the bank and entailed no alterations whatsoever to the promise to pay evidenced by the unchallenged note and mortgage of August 12, 1983, between the parties.

The affirmative defense and motion for summary judgment also challenge the plaintiff's standing to sue on a judgment which was assigned to a third party, the Florida State Bank, and assert estoppel. A discussion of these alternate grounds in support of the motion for summary judgment is deemed unnecessary in light of the Court's following conclusions of law.

The issue before this Court is whether a debtor's obtaining of a subordination agreement constitutes the act of obtaining money, property, services, or an extension, renewal or refinancing of credit. A thorough review of the law discloses no case where this issue was present. Lacking any authority on point, this Court must strictly construe the language of the Bankruptcy Code with due regard for the spirit thereof.

Clearly the subject subordination agreement does not constitute a "statement in writing ... respecting the debtor's ... financial condition", and is therefor not within the ambit of § 523(a)(2)(B). Alternatively the creditor argues that the subordination agreement was obtained by false representations to plaintiff in connection with obtaining a refinancing of credit. Yet the Code states that "a discharge ... does not discharge an individual debtor from any *debt* for ... refinancing of credit, to the extent obtained, by ... a false representation ..." (Section 523(a)(2)(A), emphasis supplied.) The sole debt in issue here is that incurred in 1983 when these parties executed a promissory note. There *was* no debt obtained by the debtor which was due this creditor upon the execution of the subordination agreement. The debtor incurred a debt to FNB which was facilitated by the subordination agreement, but nothing more became due the plaintiff herein. The agreement did not constitute a refinancing of credit; it merely enabled the debtor to obtain additional credit from another source. It merely changed the plaintiff's priority position as to collateral, wholly apart from the acquisition or refinance of debt.

The dischargeability provisions of § 523 must be construed favorably for the debtor so as not to impair the debtor's fresh start in accord with the spirit of the bankruptcy laws. As stated in *In re Hunter*, 780 F.2d 1577, 14 B.C.D. 159 (11th Cir.1986):

> Because of the very nature and philosophy of the Bankruptcy law the exceptions to dischargeability are to be construed strictly, *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915)....

Such strict construction results in this Court's conclusion that a creditor's execution of a subordination agreement does not constitute the debtor's acquisition of money, property, services, or an extension, renewal, or refinancing of credit under § 523(a)(2). It is accordingly

ORDERED AND ADJUDGED that the defendant's motion for summary judgment be, and it hereby is, granted.