**Frank David THAYER, Appellant,**

v.

**Becky Morris DENNARD, Appellee.**

**Civ. A. No. 87–262–1–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

Dec. 18, 1987.

Stewart R. Brown, Macon, Ga. for appellant.

Frank H. Childs, Jr., Macon, Ga. for appellee.

OWENS, Chief Judge:

This case comes to the court on appeal from the order of the United States Bankruptcy Court for the Middle District of Georgia entered on August 18, 1987, which declared the debt owed by the debtor, Frank David Thayer, to the creditor, Becky Morris Dennard, to be nondischargeable in bankruptcy. In passing on an appeal from the bankruptcy court, the district court must make an independent determination of the legal issues, but must accept the bankruptcy judge's findings of fact unless those findings are clearly erroneous. *See* Bankr.R. 8013 (West 1984); and *State Farm Mutual Automobile Ins. Co. v. Fielder*, 799 F.2d 656, 657 (11th Cir.1986). With this standard in mind, the court will review the bankruptcy court's finding of fact and will apply the relevant law to these facts.

### Factual Findings

■ Following a lengthy hearing into the allegations of wrongdoing by debtor, Mr. Thayer, the bankruptcy court found that Ms. Dennard's evidence demonstrated that, while married to Mr. Thayer, he "engaged in forgery, took plaintiff's mail and altered deposit slips, all of which were calculated to mislead and deceive the plaintiff." The bankruptcy judge also found that Mr. Thayer confessed to the amount of damages his fraud had caused Ms. Dennard when he agreed to a divorce decree settlement, that provided in pertinent part:

> The husband does hereby acknowledge certain indebtedness he has created in the wife's name, and further acknowledges that he owes the wife considerable sums of money for expenditures he has made and other action he has taken without the wife's knowledge or consent. The husband agrees to repay those sums to the wife at the rate of Five Hundred ($500.00) Dollars per month, with said payments to begin on September 1, 1985 and to be payable on the first day of each and every month thereafter until a total of forty-four such payments have been made totaling Twenty-Two Thousand ($22,000.00) Dollars.

After making these findings, the bankruptcy court held that the twenty-two thousand dollar ($22,000) debt owed to Ms. Dennard was nondischargeable by reason of 11 U.S.C. § 523(a)(2) (West 1987).

### Conclusions of Law

The issue before the court is whether the bankruptcy court properly applied 11 U.S.C. § 523(a)(2) of the Bankruptcy Code when it held the $22,000 debt owed to Ms. Dennard to be nondischargeable. Section 523(a)(2) provides that:

> (a) A discharge under section 727, ... of this title does not discharge an individual debtor from any debt—
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

Under this section, in order to preclude discharge of a debt Ms. Dennard was required to show that Mr. Thayer made representations to her, that at the time these statements were made he knew they were false, that he made them with the intention and purpose of deceiving her, that she relied on the representation, that her reliance was reasonably founded, and that she sustained loss and damages as a proximate result of the representations made. *See In re Hunter*, 780 F.2d 1577, 1579 (11th Cir. 1986). After listening to Ms. Dennard's evidence about how the $22,000 debt was incurred, the bankruptcy court found that she had met her burden of proving fraud. This court has thoroughly reviewed the record of the hearing below, and simply cannot find the bankruptcy court's factual finding on this issue to be clearly erroneous. It is, therefore, AFFIRMED.

■ Mr. Thayer also objects to the amount of the debt held to be nondischargeable under the bankruptcy court's order. Upon review of the bankruptcy court's reasoning on this issue, again this court cannot find any error of law that would require a reversal by this court. At the time Ms. Dennard sought a divorce

from Mr. Thayer, she could have maintained an action for fraud against him. Rather than face such an action, Mr. Thayer voluntarily agreed to settle this dispute for an amount that was, in all likelihood, less than the actual amount of damages Ms. Dennard suffered. The court finds that the divorce decree settlement language that Mr. Thayer voluntarily agreed to bars him from now disputing the actual amount of damages his conduct caused.[1] The settlement in the divorce proceedings constitutes an admission on his part that his conduct caused damage to Ms. Dennard in the amount of $22,000. This fact combined with the bankruptcy court's conclusion that his conduct was fraudulent requires this court to conclude that the amount found to be nondischargeable was supported by the evidence. The bankruptcy court's conclusion that the $22,000 debt owed to Ms. Dennard is nondischargeable by reason of 11 U.S.C. § 523(a)(2), is, accordingly, AFFIRMED.

---

**1.** Although not disputed, the court also notes that Ms. Dennard's election to settle the dispute with her former husband did not waive any of her rights to later assert in the bankruptcy proceeding that the debt in question arose out of Mr. Thayer's fraudulent conduct. *See In re Liming,* 797 F.2d 895, 898 (10th Cir.1986).