**In re Charles E. FITCH, Susan Fitch, Debtors.**

**ALLIED VIDEO CORP., Plaintiff,**

v.

**Charles E. FITCH, Defendant.**

**Bankruptcy No. 88–05358–BKC–SMW. Adv. No. 89–0017–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

March 20, 1989.

---

Jerry Kahn, Miami Beach, Fla., for creditor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court upon the complaint of Allied Video Corp. (the "creditor") against Charles E. Fitch (the "debtor") to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A), and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a), (b) and § 1334(b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(I).

In February, 1985, the debtor entered into a contract for the sale of a customized computer system to the creditor, at a purchase price of $15,584.60, which included hardware, software and training. Of that amount, $13,244.60 was the cost of the standard hardware system, which the debtor delivered to the creditor and the remainder was for the software and training. After delivery of the hardware system and software, the debtor began implementing the new programs by means of a work schedule. During the course of implementation and training the creditor requested that changes be made to the programs. Consequently, the debtor advised the creditor that the changes requested would require an additional charge of $960.00.

In May, 1986, the creditor advised the debtor of his dissatisfaction with the slow progress of implementation and the performance of the programs. In response, the debtor advised the creditor that the delays in implementation were the result of the creditor's numerous requests for changes in the implementation procedure. However, the debtor agreed to return the $960.00 received and continue implementation of the programs at an hourly rate. Thereafter, the parties' relationship continued to deteriorate and the creditor instituted a lawsuit for breach of contract in state court which resulted in a final judgment in favor of the creditor for $40,584.60.

The creditor brings this action pursuant to 11 U.S.C. § 523(a)(2)(A) seeking to exempt from discharge the state court judgment due to the debtor's fraud and misrepresentations in entering the contract

for the sale of a computer system. The bankruptcy court is not confined to a review of the final judgment and record in the prior state court proceeding when determining dischargeability of a debt. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). The Court, therefore, must determine whether the state court judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

■ Under 11 U.S.C. § 523(a)(2)(A) a debt will be excepted from discharge when it is obtained by "false pretenses, a false representation, or actual fraud...." The creditor seeking a determination of nondischargeability bears the burden of proving by clear and convincing evidence that the debtor was guilty of positive fraud at the time the debt was obtained. *Schweig v. Hunter (In re Hunter),* 780 F.2d 1577, 1579 (11th Cir.1986). Additionally, the creditor must prove that "the debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded, and the creditor sustained a loss as a result of the representation." *In re Hunter,* 780 F.2d at 1579. Furthermore, exceptions to discharge are strictly construed against the creditor and in favor of the debtor. *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed 717 (1915).

■ The creditor argues that the debtor failed to comply with the terms of their agreement by misrepresenting his ability to provide the creditor with a customized computer system that would meet his business needs. The facts, however, do not show that the debtor entered into the agreement intending to defraud the creditor. To the contrary, the parties worked together for one year, during which the debtor delivered the equipment, software, and began implementing the system. A mere breach of contract by the debtor without more is insufficient to prove an intent to defraud for purposes of 11 U.S.C. § 523(a)(2)(A). *In re Schmidt,* 70 B.R. 634, 639 (N.D.Ind. 1986). Therefore, the Court finds that there is insufficient evidence to prove that the debtor made a knowingly false representation or intended to defraud the creditor when the agreement was entered into in 1985.

Based on the foregoing facts, this Court finds the creditor has failed to prove, by clear and convincing evidence, the elements of 11 U.S.C. § 523(a)(2)(A) and therefore the debt is dischargeable.

DONE AND ORDERED.