In re Nathan GOLDSTEIN, Debtor.

Audrey SCHWARTZ, Plaintiff,

v.

Nathan GOLDSTEIN, Defendant.

Bankruptcy No. 89–01263–BKC–TCB.
Adv. No. 89–0352–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Sept. 19, 1989.

Steven D. Jerome, Pompano Beach, Fla., for plaintiff.

Elkins & Friedman, Ft. Lauderdale, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The plaintiff creditor seeks exception from discharge under 11 U.S.C. § 523(a)(2)(A) for her $55,000 claim. The debtor has answered and the matter was tried on September 5. I now conclude that plaintiff has failed to carry her burden to establish this exception from discharge.

A debt for obtaining money by false pretenses, false representation or actual fraud is excepted from discharge under § 523(a)(2)(A). It is plaintiff's contention that she was the victim of the debtor's inducing her to invest $55,000 in a restaurant business based on his misrepresenting his ownership of a note which he would sell to obtain proceeds to invest in the business. She further contends that her admitted naiveté was taken advantage of by the debtor in his siphoning of funds from the business and failing to pay bills. (CP 10 at 3–4).

The parties were close friends for 15 years. A business opportunity to buy a restaurant in July 1988 was discussed by the debtor with plaintiff, her husband and another friend. The plaintiff's husband rejected the idea of investing with the debtor, as did the other friend. Plaintiff went forward and invested $55,000 of her own funds to become a "partner" with the debtor's wife. This investment would cover the first six months of the business' operation. The debtor invested no cash, but the plaintiff understood that he committed himself to invest $20,000 from the proceeds of a $155,000 note.

A corporation was formed, although it appears that stock was never issued. The debtor managed the restaurant from September to December 1988, until he had a heart attack. He never made a cash investment, and drew no salary. The plaintiff worked as the cashier.

The dispute centers on plaintiff's contention that the debtor made misrepresentations which concealed the following facts:

(1) that the proceeds of the note were pledged to pay a mortgage; and (2) the actual yield of no more than $300 per month from the sale of the note would provide nothing to the debtor because he did not own the note.

The grounds relied upon are that plaintiff was defrauded and that the debtor:

"tricked her, misled her and played upon her naivity [sic] and trust." (CP 10 at 4).

■ However, the factual circumstances persuade me that the plaintiff's insistence on investing her money without adequate knowledge about the business and when her husband and friend refused to invest shows plaintiff's blind faith in the debtor for which he cannot be held solely responsible. Plaintiff has not come forward with sufficient persuasive evidence that the debtor's statements with respect to ownership and use of the note proceeds actually defrauded her.

Plaintiff's alternative theory of a loss of $7,000 caused by the debtor's access to register receipts and cash which should have been deposited into a bank account was not established by the evidence. The debtor's explanation at trial, that salaries and vendors were paid by cash from the register, has not been refuted by contrary evidence.

■ It has long been settled that to except a debt from discharge under § 523(a)(2)(A), plaintiff must prove that the debtor's conduct involved moral turpitude or intentional wrong, that he had an actual intent to deceive or defraud the plaintiff. 3 *Collier on Bankruptcy* (15th Ed.1989) ¶ 523.08[4] nn. 12 and 13. Plaintiff must also prove reasonable reliance on the representation. *Id.* n. 14.

The proof does not support the theory of trickery, although it clearly shows plaintiff's naiveté. That fact alone does not entitle her to relief under the statute.

It is plaintiff's burden to prove exception from discharge by "clear and convincing evidence." *In re Hunter,* 780 F.2d 1577, 1579 (11th Cir.1986). I find that she has failed to do so.

1018

As is required by B.R. 9021, a separate judgment will be entered dismissing the complaint with prejudice. Costs may be taxed on motion.

DONE and ORDERED.