In the Matter of Murphy L. BESHEARS, III, Marian L. Beshears, Debtors.

Angela BESHEARS, Plaintiff,

v.

Murphy L. BESHEARS, III, Marian L. Beshears, Defendants.

Bankruptcy No. 94–80674.
Adv. No. 94–80063.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Sept. 9, 1994.

Jackie D. Ferguson, Huntsville, AL, for Angela Beshears.

John G. Butler, Jr., Huntsville, AL, for Murphy Beshears.

## MEMORANDUM OPINION

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on a complaint filed by the plaintiff, Angela Beshears, seeking the Court to determine that a certain debt owed by the defendant, Murphy L. Beshears, III, is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). The trial in this matter was held on the 23rd day of August, 1994.

From the evidence presented, the Court makes the following findings of fact. The plaintiff and defendant were married on May 23, 1986. On February 20, 1991, the parties were divorced by a decree issued from the Circuit Court of Madison County, Alabama (Plaintiff's exhibit # 1). Incorporated into the divorce decree was a separation agreement dated February 13, 1991.

Paragraphs nine and ten of the agreement provide as follows:

9. The 1.0 acre of commercial property located in Richland Park, Madison, Alabama, shall be the sole and separate property of the husband [Murphy L. Beshears, III]. For and in consideration of the wife [Angela Beshears] signing a Warranty Deed thereto, the husband shall execute a mortgage secured by said property to the wife for the sum of $30,000.00, said mortgage shall be payable as set out in paragraph number 10.

10. The wife shall receive a property settlement of Thirty Thousand and no/100 dollars ($30,000.00) payable as follows: one-half of monthly payment from the sale of the Boswell Drive property (according to the terms of the land sale contract) paid monthly to the wife and to be deducted from the total of $30,000.00, the balance of which is to be paid in full upon the sale of the 1.0 acre of commercial property presently listed for sale.

Contemporaneously with the execution of the separation agreement, the husband executed a note (Plaintiff's exhibit # 2) to the plaintiff, which was secured by a mortgage (Defendant's exhibit # 1) covering the 1.0 acre of commercial property referred to in paragraph nine of the separation agreement. The defendant made the monthly payments under said note of $166.00 to the plaintiff until December, 1993. The defendant paid the plaintiff a total amount of $5,000.00.

On January 8, 1993, the defendant borrowed $40,000.00 from First Alabama Bank and secured said loan with a mortgage on the 1.0 acre of commercial property. In connection with this loan, First Alabama Bank conducted a title search on the commercial property and found no prior recorded mortgages, including the one executed in favor of the plaintiff, Angela Beshears.

The defendant defaulted on his monthly payments to First Alabama Bank and to the plaintiff. On March 23, 1994, the defendant and his present wife, Marian L. Beshears, filed for relief under Chapter 7 of the Bankruptcy Code. The bankruptcy petition listed the debt of Angela Beshears as unsecured. Subsequently, First Alabama Bank obtained relief from the automatic stay on April 28, 1994, and their mortgage has been foreclosed.

On May 20, 1994, the plaintiff filed this adversary proceeding alleging that the defendant failed to record the mortgage ($30,-000.00) executed in her favor. The plaintiff

**234**

asserts that the defendant's failure to record the mortgage constitutes fraud. The plaintiff also alleges that the defendant committed fraud by granting First Alabama Bank a mortgage and by failing to disclose her mortgage. The plaintiff claims that the obligation owed to her is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

 In order to prevail on the question of dischargeability under Section 523(a)(2)(A), the creditor must prove that: the debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and the creditor sustained a loss as a result of the representation. *In re Hunter*, 780 F.2d 1577, 1579 (11th Cir.1986). The creditor has the burden of proving each element by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). A lack of proof as to any one of the stated elements will be fatal to the party's claim of fraud. *Hunter*, at 1579.

 The evidence shows that at the time of the divorce, there were no encumbrances on the 1.0 acre of commercial property, and the mortgage executed by the defendant to the plaintiff was to be a first mortgage. The divorce was "uncontested" so one attorney prepared the divorce papers.

The defendant, Murphy L. Beshears, III, testified at the trial that the divorce papers, the note and mortgage, warranty deed and two quit claim deeds were executed in the attorney's office. The plaintiff then took all the documents with her so she could record them.

The plaintiff stated that she did in fact take some of the documents to be recorded, but does not remember receiving the mortgage. The plaintiff further stated that she now realizes that it was her responsibility to record the mortgage. The evidence shows that the mortgage was never recorded, and neither party knows what happened to the original document.

There is no evidence that shows that the task of recording the mortgage was delegated to defendant Murphy L. Beshears. The Court finds that the failure of the mortgage to be recorded was not due to any intentional, reckless, or fraudulent act by the defendant, Murphy L. Beshears, III.

 The plaintiff's second theory is that the defendant is guilty of fraud in giving a mortgage on the subject property to First Alabama Bank when he already knew she had a mortgage on said property. The defendant testified that when he granted First Alabama Bank a first mortgage on the 1.0 acres of commercial property that "he forgot that he had given Angela [plaintiff] a mortgage on the property". He further testified that he did not think about the mortgage to the plaintiff at the time he gave First Alabama Bank a mortgage, or else he would have disclosed this information. He concluded his testimony by stating that his failure to disclose the plaintiff's mortgage on the property was not intentional.

It is the opinion of this Court that the plaintiff cannot prevail on her second theory of fraud because the plaintiff did not rely on any representations made by the defendant to First Alabama Bank. The defendant's dealings with the bank did not induce her to rely upon said actions, to part with anything of value or to surrender any legal right. The proximate cause of the plaintiff's damage was her own failure to properly record the mortgage.

The Court is of the opinion that the plaintiff has failed to prove each of the necessary elements of § 523(a)(2)(A). The debt/obligation, which is owed to the plaintiff by the defendant, is dischargeable.