In re Linda K. FUTCH, Debtor.

BENEFICIAL FLORIDA, INC., Plaintiff,

v.

Linda K. FUTCH, Defendant.

Bankruptcy No. 93–7189–9P7.
Adv. No. 93–640.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Oct. 13, 1994.

Richard R. Cotter, Ft. Myers Beach, FL, for plaintiff.

Marshall L. Cohen, Ft. Myers, FL, for debtor/defendant.

## FINDING OF FACT, CONCLUSION OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is the dischargeability, vel non, of a debt in the amount of $1,491.56 owed by Linda K. Futch (Debtor) to Beneficial Florida, Inc. (Beneficial). The claim of nondischargeability is set forth by Beneficial in a three-count Complaint. Beneficial alleges that Debtor's failure to purchase a television with loan proceeds obtained from Beneficial constitutes fraud thus the debt is nondischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code. In Count II Beneficial accuses the Debtor of embezzlement or larceny thus the debt owed to Beneficial nondischargeable pursuant to § 523(a)(4). Finally, in Count III, Beneficial contends that the Debtor's actions constitute "use of a statement in writing that is materially false" to obtain the Curtis Mathes charge account and the same constituted "actual fraud" under § 523(a)(2)(B).

The facts relevant to the resolution of this controversy as they appear in the record are as follows:

Beneficial, among other things, is in the business of purchasing retail installment contracts from retailers such as Curtis Mathes Home Entertainment Center (Curtis Mathes) based on proper documentation of the sale, credit worthiness of the purchaser and the type of the collateral offered as security for the debt. Beneficial purchased the installment contract involved in this controversy from Curtis Mathes. The contract purportedly evidenced by the sale of a TV set to the Debtor by Curtis Mathes was admittedly signed by the Debtor.

The evidence reveals that on January 2, 1990 the Debtor signed in blank a Curtis Mathes credit application and a blank charge slip. The owner of the store Andrew Kline (Kline), was a friend of the Debtor, was in dire need of cash and asked the Debtor to help to get $2500.00 cash which he needed to meet the medical expenses of his son, who was terminally ill with cancer. Kline prevailed on the Debtor, who agreed to help him and signed the sales slip which reflected this bogus sale. It is without dispute that the Debtor never purchased the television set, nor received any part of the monies Kline received from Beneficial when he sold this bogus sales contract to Beneficial.

It appears that Kline paid the Debtor $70.00 per month for the period of January 1990 through December 1992, and she in turn paid Beneficial the monthly installment required by the contract. When Kline stopped making his monthly payments to Debtor, she also stopped making payments to Beneficial. At the time Debtor filed her Chapter 7, July 1, 1993, the outstanding balance on the contract was at $1,491.56.

The claim of nondischargeability in Count I is based on 11 U.S.C. § 523(a)(2)(A) which provides in relevant part:

(a) A Discharge under ... this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud.

■ It does not require elaborate citations of authority to establish that the discharge provision of the Code is remedial and always has been construed liberally in favor of the debtor and all exceptions to the discharge strictly against any challenge of the debtor's right to obtain the full benefit of the discharge. The discharge provisions which were always part of modern day bankruptcy legislation were designed to give financially distressed debtors a "fresh start" in life providing much needed relief from the pressure and discouragement of pre-existing debts *Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). While the burden of proof is placed on the party challenging the dischargeability of a particular debt, it is no longer governed by the standard of clear and convincing e.g. (*Chrysler Credit Corp. v. Re-*

*bhan,* 842 F.2d 1257 (11th Cir.1988)) but merely the preponderance of the evidence presented must be persuasive and establish all the operating elements of a claim on nondischargeability. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Thus in order to prevail on the claim set forth in Count I based on § 523(a)(2), it is the burden of Beneficial to establish with the requisite degree of proof that:

  (i)  the debtor made a false representation with the purpose and intention of deceiving the creditor;

  (ii)  the creditor relied on such representation;

  (iii)  his reliance was reasonably founded, and

  (iv)  the creditor sustained a loss as a result of the representation.

*In re Racila,* 138 B.R. 303, 305 (Bankr. M.D.Fla.1992); *In re Hunter,* 780 F.2d 1577, 1579 (11th Cir.1986)

■ In the instant case, there is not a scintilla of evidence in this record that the Debtor obtained anything from Beneficial let alone by false pretenses, false representation or actual fraud. If fraud was committed, it was committed by Kline who sold to Beneficial the bogus installment sales contract.

The claim in Count II is based on § 523(a)(4) which provides that:

  (a) a discharge does not discharge an individual from any debt

  (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

■ The federal common law definition of "embezzlement" is the fraudulent appropriation of money by a person to whom such property has been entrusted or into whose hands it has lawfully been entrusted. "Larceny" requires the property be taken without the consent and against the will of the owner with felonious intent. There is nothing in this record which is even remotely establishes any of the operating elements of a claim of nondischargeability pursuant to § 523(a)(4).

■ This leaves for consideration the last claim set forth in Count III of the complaint which is based on § 523(a)(2)(B) which excepts from the discharge debts by "use of a statement in writing that was materially false." Again, there is nothing in this record which would warrant the finding that this debtor ever submitted any statement in writing to Beneficial or to any one including to Curtis Mathes, thus it is evident that the claim of non-dischargeability based on this Section is equally without merit. Based upon the foregoing, this Court is satisfied that the Plaintiff has failed to carry its burden of proof on each of the Counts and therefore, the debt due and owing by the Debtor shall be determined to be dischargeable. A separate final judgment shall be entered in accordance with the foregoing.