In re Johnny Glenn CURTIS and
Sherrie H. Curtis, Debtors.

TRUSTMARK NATIONAL
BANK, Plaintiff,

v.

Johnny Glenn CURTIS, Defendant.

Bankruptcy No. 94–11223–MAM.
Adv. No. 94–1200.

United States Bankruptcy Court,
S.D. Alabama.

Feb. 7, 1995.

William L. Howell, Mobile, AL, for debtors.

I. David Cherniak and E. Russell March, III, Mobile, AL, for Trustmark Nat. Bank.

### ORDER AND JUDGMENT DENYING COMPLAINT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

MARGARET A. MAHONEY, Bankruptcy Judge.

This matter came before the Court on the complaint of Trustmark National Bank ("Trustmark") to determine the dischargeability of a debt owed by Johnny Glenn Curtis ("Debtor" or "Curtis") to Trustmark pursuant to 11 U.S.C. § 523(a)(2)(A). This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 157(b)(2)(I). For the reasons indicated below, the Court denies relief to Trustmark pursuant to 11 U.S.C. § 523(a)(2)(A) and concludes that Trustmark's debt is dischargeable.

On or about May 29, 1992, Debtor received loan proceeds of $25,000 from Trustmark.[1] A promissory note was executed by him in which Debtor agreed to repay the initial loan to Trustmark at an annual 10% interest rate. This loan was renewed three times: on January 4, 1993; on April 5, 1993; and again on June 15, 1993. The loan was due on December 13, 1993. It was not paid and is now in default. On June 24, 1994, Debtor filed for relief under Chapter 7 of the Bankruptcy Code.

Trustmark is seeking to have its debt declared nondischargeable on the grounds that this loan was obtained through false pretenses and false representations pursuant to 11 U.S.C. § 523(a)(2)(A). Specifically, Trustmark claims that Debtor misrepresented the specific purpose of the loan as well as the actual recipient of the money borrowed. The evidence fails to establish these facts.

In the Debtor's deposition, which was admitted into evidence at trial, Curtis admitted he received the $25,000 check from Trustmark but, invoking the self-incrimination clause of the Fifth Amendment to the United States Constitution[2], refused to say whether he executed, cashed, or deposited the check. Pursuant to the Fifth Amendment, Curtis will not tell the Court what he did with the $25,000 check from Trustmark once he received it. Further, Debtor admits to signing the promissory note that accompanied the $25,000 check, but, again invoking his Fifth Amendment rights, refused to disclose the purpose of the note. Debtor admitted receiving the loan renewal notes and accompanying correspondence, but otherwise refused to answer specific questions on Fifth Amendment grounds. Finally, at Debtor's deposition, Debtor refused to answer Trustmark's

---

1. A copy of the $25,000 cancelled and endorsed check from Trustmark to Debtor was admitted as Plaintiff's Exhibit 14.

2. The Fifth Amendment states: "No person ... shall be compelled in any criminal case to be a witness against himself ..." U.S. CONST. amend. V.

counsel's questions about whether this loan was part of a fraudulent scheme involving a former Trustmark employee.

At trial, Trustmark read portions of a deposition of Frank R. Day, the Chairman of the Board and Chief Executive Officer of Trustmark. Day has almost no knowledge of the Debtor and the immediate loan. According to his own testimony, he may or may not have spoken to Debtor over the phone briefly "one year or so ago about a loan." Debtor's counsel objected to admission of the testimony, but, the objection notwithstanding, even taken in its best light, Mr. Day's deposition was effectively useless to these proceedings. For purposes of this ruling, the Court is not utilizing Mr. Day's testimony, but even if it did, the result would be the same.

■ Trustmark has the burden of proving each and every element of the § 523 action by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); Fed.R.Bankr.P. 4005. 11 U.S.C. § 523(a)(2)(A) states in relevant part that discharge of a debt is not allowed:

> for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud, other than a statement reporting the debtor's or an insider's financial condition.

According to *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577 (11th Cir.1986), Trustmark must prove the following elements in a § 523 nondischargeability action:

> (1) debtor made a false representation with the purpose and intention of deceiving the creditor; (2) the creditor relied on such representation; (3) his reliance was reasonably founded; and (4) the creditor sustained a loss as a result of the representation.

*Id.* at 1579 (citations omitted). This Court is obligated to construe exceptions to discharge liberally in favor of the Debtor, recognizing that the reasons for denying the discharge must be substantial and not merely conjectural. *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915); *Equitable*

*Bank v. Miller (In re Miller)*, 39 F.3d 301 (11th Cir.1994).

■ Based on the actual evidence presented, Trustmark has failed to meet the first prong of the test required by *Hunter*. There is no actual proof that Curtis made false representations with the intent of deceiving Trustmark. "The absence of explicit representations concerning financial conditions by the bankrupt require a holding that there have been no false pretenses or false representations." *Hunter* at 1577. The Trustmark banker who testified, Mr. Robert Lampton, indicated that he drew up the initial loan application at the request of a superior, used financial information from a previous loan application of Curtis to complete it, and the loan was approved without Curtis signing the loan application form. The banker never spoke to Curtis before the loan was made. Curtis signed the promissory note and a $25,000 check was mailed to Curtis. Someone endorsed the check and received $25,000. There was no proof it was Curtis.

The Trustmark banker, Lampton, never spoke with Curtis at all until the loan was renewed. The loan renewal conversation was telephonic. There was no evidence of any fraudulent statements. Even if the court considered all of Frank Day's testimony in conjunction with Mr. Lampton's, which the debtor objects to the Court doing, Trustmark has not proved a *prima facie* case against Curtis.

■ Therefore, the issue is the weight of the adverse inference to be drawn, if any, from Debtor's reliance on his Fifth Amendment privilege against self-incrimination. If Trustmark can have the Court infer enough to make its *prima facie* case, it gains relief; otherwise, it does not. The privilege against self-incrimination may be invoked in any federal proceeding, civil or criminal. *Maness v. Meyers*, 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975); *In re Ross*, 156 B.R. 272 (Bankr.D.Idaho 1993) (privilege applies to bankruptcy proceedings). In civil proceedings, the Court is permitted to draw inferences from a witness's refusal to testify on Fifth Amendment grounds. *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). Citing *Baxter*, the court in *In re Fields*, 44 B.R. 322 (Bankr.S.D.Fla. 1984) concluded in part:

The Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to *probative evidence offered against them* ... (emphasis added)

*Id.* at 328. A plaintiff seeking to rely on a Fifth Amendment inference must first offer evidence which at least tends to prove each part of the plaintiff's case. Once that has been done, the Court can then add to the weight of the other evidence by use of the inference. However, the invocation of the Fifth Amendment privilege, standing alone, is not sufficient evidence to constitute probative proof of a plaintiff's case. If a plaintiff offers no evidence of fraud, as is the situation in this case, the inference drawn from invocation of the Fifth Amendment does not by itself establish fraud. Trustmark needed to prove the four elements of the § 523(a)(2)(A) case. The first element was not proven so Trustmark has failed to sustain its burden of proof.

Therefore, the relief requested by Trustmark pursuant to 11 U.S.C. § 523(a)(2)(A) is DENIED.