In re John H. BUSCH, Debtor.

Sheila Y. BUSCH, Plaintiff,

v.

John H. BUSCH, Defendant.

Bankruptcy No. 97–7721–BKC–3F7.
Adversary No. 98–18.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 19, 1998.

MaryEllen P. Osterndorf, Daytona Beach, FL, for Plaintiff.

Ann W. Rogers, Ormond Beach, FL, for Defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Proceeding is before the Court upon the Complaint of Sheila Y. Busch, former wife, filed January 20, 1998, seeking determination that debt(s) are nondischargeable as support, or in the alternative, they are non-dischargeable as property settlement pursuant to 11 U.S.C. § 523(a)(15). (Doc. 1.) Based upon the evidence presented and the argument of counsel, the Court enters these findings of fact and conclusions of law.

### FINDINGS OF FACT

John H. Busch ("Defendant") and Sheila Y. Busch ("Plaintiff") were married on April 4, 1980 in Volusia County, Florida. They have three children: Christopher G. Busch born August 4, 1979; Joseph D. Busch born September 25, 1981; and Amanda L. Busch born April 5, 1988.

They mismanaged financial affairs throughout their marriage, despite both having adequate income to support their family. By the time of their divorce, the parties accumulated substantial debt. Plaintiff and Defendant signed a Marital Settlement Agreement ("Agreement") on October 17, 1996. Paragraph 4 of that Agreement, titled "Division of the Marital Debt", provides, in pertinent part, that:

The Wife shall be solely responsible for the Chase Visa card, the Sears card and the Citgo gas card. Husband and Wife shall be equally (50/50) responsible for the First card and More visa card. Husband will assume full and sole responsibility for the Home Depot debt, J.C. Penneys debt, debt owed to American General (amount of $2600); debt owed to Beneficial Finance (amount of $1263), Gordon's Jewelers, . . . and any other debts not herein mentioned. Husband will assume full responsibility for Husband's individual debts and shall indemnify and hold Wife harmless from any liability in connection with the Husband's debts. Wife will assume full responsibility for Wife's individual debts and shall indemnify and hold Husband harmless from liability in connection with the Wife's debts.

Plaintiff and Defendant divorced on February 19, 1997. A Final Judgment of Dissolution of Marriage, entered that day in the Circuit Court, Seventh Judicial District, in and for Volusia County, Florida ratified, approved, and incorporated the Agreement, finding it in the best interest of the parties.

Defendant filed his Chapter 7 petition on October 9, 1997. Defendant listed $9,785.00 of total assets and $17,900.00 of total liabilities[1]. Defendant's Schedule I—Current Income of Individual Debtor lists a total monthly income of $1,408.30. He has been employed as a meat cutter at Publix Supermarkets for the past eleven years, typically working 35 to 40 hours per week earning $12.50 per hour. After deductions from his paycheck for taxes and insurance Defendant earns $368.00 per week or approximately $1,600.00 per month. Defendant also receives monthly bonuses and occasionally gets to work overtime.

Defendant's Schedule J—Current Expenditures of Individual Debtors provides for $1,812.00 of monthly payments. Defendant currently pays Plaintiff approximately $600.00 per month in child support for their three children.[2] Defendant's other monthly costs, as of the time of trial, include: $450.00 for rent, $200.00 for car payments, $50.00 for auto insurance, $150.00 for utilities and costs of food. At the time of trial, Defendant was

---

[1] Those debts, as listed in Defendant's Schedule F—Creditors Holding Unsecured Nonpriority Claims, subject to dispute in this adversary proceeding are: (1) American General Card, $1,700.00; (2) Beneficial Finance, $1,100.00; (3) First Card, $3,100.00; (4) Gordons, $1,500.00; (5) Home Depot, $1,400.00; and (6) JCPenney,

$500.00. In total, there is $9,300.00 of unsecured nonpriority debt listed by Defendant.

[2] Plaintiff argues that Defendant could receive a reduction in the amount of child support he is obligated to pay because one child is sui juris and one resides with the Defendant.

overdrawn on his checking account and had withdrawn his vacation pay in order to pay bills. Defendant also testified to paying unexpected medical bills for his son. In addition to the child support paid to Plaintiff, Defendant also pays some of the costs of food and clothing for the parties' children. Defendant also pays American General and Beneficial Finance, a sum of $70.00 per month.[3]

Plaintiff remarried soon after her divorce from Defendant, taking the name Sheila Turton. She inherited over $11,000.00 prior to her divorce. Some of this inheritance was used to pay those debts for which she was responsible under the Agreement. She has not paid any money toward the debt she and Defendant are equally responsible for under the Agreement.

Plaintiff earned $20,193.42 from Dyals Convalescent Aids Co. in 1997. Plaintiff testified that she was terminated in early November of 1997 after failing to sign a noncompete agreement. Plaintiff also received $1,080 in unemployment benefits and over $7,000.00 in child support in 1997. Of the parties' three children only their daughter resided with Plaintiff at the time of trial.

Plaintiff claims Defendant has the ability to pay the creditors listed in their Agreement and that discharging the debt owed to her would not benefit Defendant to an extent outweighing the detrimental consequences to Plaintiff. Defendant denies these claims.

## CONCLUSIONS OF LAW

Plaintiff seeks to have debts owed by Defendant under their Agreement deemed nondischargeable pursuant to Section 523(a)(15) of the Bankruptcy Code.[4] This Court recently addressed this same issue in *McElroy v. McElroy (In re McElroy)*, Ch. 7 Case No. 97–7721–3F7, Adv. No. 97–415–3F7 (Bankr. M.D.Fla. October 9, 1998). The Court follows its interpretation of the law from that case verbatim.

■ Section 523(a)(15) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor ... or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;

11 U.S.C. § 523(a)(15) (West 1998). The exceptions to the dischargeability of a debt are to be strictly construed in favor of debtors. *Christison v. Christison (In re Christison)*, 201 B.R. 298, 307 (Bankr.M.D.Fla.1996) (citing *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir.1986)).

■ There is disagreement among the bankruptcy courts as to who bears the burden of proof under Section 523(a)(15). The Court favors the majority view and follows the analysis applied by the court in *Christison* in addressing an exception to discharge under Section 523(a)(15) of the Bankruptcy Code. This view allocates the initial burden to the creditor spouse to show that the spouse holds a claim which is not of the kind described in 11 U.S.C. § 523(a)(5) but rather "was incurred by debtor in connection with a divorce decree or separation agreement." *Christison*, 201 B.R. at 307. *See also Stone*

---

**3.** Defendant listed American General, a lien holder on Defendant's dishes, as a creditor holding a secured claim in the amount of $50.00 and unsecured in the amount of $2,450.00.

**4.** Both parties stipulated at trial that the issues of this proceeding are based on 11 U.S.C. § 523(a)(15) and that there are no issues involving 11 U.S.C. § 523(a)(5). For this reason, the Court will only discuss 11 U.S.C. § 523(a)(15).

*v. Stone (In re Stone),* 199 B.R. 753 (Bankr. N.D.Ala.1996). If this burden is met, then the burden shifts to the debtor to show that either the debtor does not have the ability to pay, or the benefit to the debtor of discharge of the debt outweighs the detriment caused to the creditor spouse. *Id.* at 308.

Paragraph 4 of the parties' Agreement, supra, is indisputably a division of marital assets and not alimony or support. Under the Agreement, Defendant agreed to pay the parties' debts owed to Home Depot, JCPenny, American General, Beneficial Finance, Gordon Jewelers, half of the debt to First Card Visa and half of the debt owed to More Visa.

Once the existence of a debt subject to 523(a)(15) is demonstrated, which has been done by Plaintiff, the burden shifts to the debtor to show by a preponderance of the evidence that he comes within one of the exceptions under Section 523(a)(15)(A) or (B). *Christison,* 201 B.R. at 307; *Grogan v. Garner,* 498 U.S. 279, 287, 111 S.Ct. 654, 659–60, 112 L.Ed.2d 755 (1991). Defendant must show that he does not have the ability to pay or that the benefit to him of discharge of the debt outweighs the detriment caused to the Plaintiff.

■ The date to analyze these 523(a)(15) tests is at or about the time of trial. *Christison,* 201 B.R. at 308 (citing *Collins v. Hesson (In re Hesson),* 190 B.R. 229, 238 (Bankr.D.Md.1995)). Changed circumstances among the parties from the time of the petition date should be considered. Defendant must show by a preponderance of the evidence one of the two alternative exceptions in order to have the debt otherwise nondischargeable under Section 523(a)(15) deemed dischargeable. *Christison,* 201 B.R. at 309 (citing *Woodworth v. Woodworth (In re Woodworth),* 187 B.R. 174, 177 (Bankr. N.D.Ohio 1995)).

■ Section 523(a)(15)(A) provides for dischargeability of a debt where a debtor can show by a preponderance of the evidence that she has no ability to pay the debt after taking into consideration amounts reasonably necessary for the support of debtor and her dependents. In examining the debtor's abili-

ty to pay a Section 523(a)(15) debt, some courts apply the "undue hardship" test under 523(a)(8) for student loans. *Christison,* 201 B.R. at 309 (citing *Florio v. Florio (In re Florio),* 187 B.R. 654, 657 (Bankr.W.D.Mo. 1995)). Other courts apply the "disposable income" test of Section 1325(b), permitting confirmation of a Chapter 13 plan over creditor objections when all the debtor's projected disposable income is used to fund the plan payments. *Id.*

■ This Court applies the disposable income test for 523(a)(15). The language of Section 523(a)(15)(A) mirrors that of Section 1325(b)(2). *Christison,* 201 B.R. at 310 (citing *Hill v. Hill (In re Hill),* 184 B.R. 750, 755 (Bankr.N.D.Ill.1995)). The focus becomes whether the debtor's budgeted expenses are reasonably necessary. The Court in *Christison* stated:

> The legislative history of Section 523(a)(15) supports a holding that Congress did not intend to force debtors with obligations under domestic property settlements into a poverty state but instead intended to require these debtors to pay obligations to former spouses under property settlement agreements if they could also pay the normal and reasonable everyday living expenses for themselves and their new families.

*Id.* at 309.

■ The preponderance of the evidence shows that Defendant has no disposable income. The record shows that Defendant does not have the ability to pay the debt owed to Plaintiff after taking into consideration amounts reasonably necessary for the support of debtor and his dependents. At the time of trial, Defendant was overdrawn on his checking account and had taken advances from his employer for vacation pay. Defendant's earnings are barely enough to support his day to day living expenses, all of which the Court finds reasonably necessary. Adding the burden of payment to creditors named in the parties' Agreement would cause Defendant to fall deeper into the financial hole he is already in. An exception to discharge in this case would violate the policy of giving a debtor the fresh start he is entitled to under the Bankruptcy Code. This Court

is reluctant to violate this fresh start policy. The Court finds that Defendant meets the requirements of Section 523(a)(15)(A) of the Bankruptcy Code and is entitled to discharge of the debt owed to Plaintiff pursuant to the Agreement.

Plaintiff argued that Defendant could reduce his child support obligations to her. Speculating that the state court would reduce Defendant's child support payments, Plaintiff argued that Defendant would be able to pay money to creditors named in their Agreement. This Court analyzes Defendant's financial affairs at the time of trial. At that time Defendant was obligated to pay child support of approximately $600.00 per month. The Court refuses to speculate what, if any, potential reduction in Defendant's child support obligations would be granted if Defendant went to state court to seek such a reduction.

■ Section 523(a)(15)(B) sets forth a balancing test requiring a debtor to show that the benefit of discharging the debtor's debt outweighs the detrimental consequences of discharge to the creditor spouse. The Court in *Christison* stated:

> This analysis requires the court to evaluate the lifestyles of the parties and make value judgments concerning what is 'fair.' ... This subsection, therefore, creates an 'illusory statutory standard' requiring an objective weighing of a perceived subjective benefit of discharge against possible adverse circumstances accruing to the creditor spouse.
>
> Balancing these requirements requires a review of the totality of the circumstances in comparing the financial situation of both parties and considering any other relevant subjective factors. The court in essence determines the 'relative impact of discharging the obligation'.

201 B.R. at 310 (citations omitted). Factors considered in making this determination include: (1) income and expenses of both parties, (2) whether the nondebtor spouse is jointly liable on the debts, (3) the number of dependents, (4) the nature of the debts, (5) the reaffirmation of any debts, and (6) the nondebtor spouse's ability to pay. *Id.*

Because the Court finds Defendant has met his burden concerning Section 523(a)(15)(A), it is unnecessary to address whether the benefit to the Defendant of discharge of the debt outweighs the detriment caused to the creditor spouse. However, this Court finds in viewing the totality of the circumstances that the benefit of discharge of the debt owed to Plaintiff by the Debtor/Defendant does outweigh the detriment caused to the Plaintiff.

For the reasons discussed above, the Court finds that the debt owed to Plaintiff by reason of the Final Judgment of Dissolution of Marriage, entered February 19, 1997 in the Circuit Court, Seventh Judicial District, in and for Volusia County, Florida, is not excepted from discharge under Section 523(a)(15) of the Bankruptcy Code.