In re Dewana Jane TERSEN, Debtor.

**Robert Gregory Tersen, Plaintiff,**

v.

**Dewana Jane Tersen, Defendant.**

**Bankruptcy No. 98–02300–3P7.
Adversary No. 98–120.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

May 18, 1999.

W. David Talbert, II, Jacksonville, Florida, for plaintiff.

Douglas C. Higginbotham, Jacksonville, Florida, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon a Complaint to Determine Dischargeability of a Debt pursuant to 11 U.S.C. § 523(a)(15). Plaintiff contends that the debt owed to him by Defendant is excepted from Defendant's discharge. After a hearing on January 19, 1999, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Robert Tersen ("Plaintiff") and Dewana Tersen ("Defendant") were married on September 20, 1986. (Pl.['s] Ex. 8.)

2. Their only child, Sarah Tersen, was born on May 7, 1988. (Pl.['s] Ex. 8.)

3. The parties were divorced on May 26, 1995. (Pl.['s] Ex. 8.)

4. Defendant remarried on January 9, 1999 and lives in her husband's house with her husband, her eleven year old daughter, and her twenty year old son. (Tr. at 29.)

5. Plaintiff remarried in January, 1996 and has since had two more children, one of whom has cerebral palsy. (Tr. at 76.)

6. The Final Judgment of Dissolution of Marriage, incorporating a Stipulation and Agreement between the parties, ordered Plaintiff to pay $430.00 per month in child support to Defendant. Defendant was ordered to pay Plaintiff $430.00 per month for 132 months in exchange for Plaintiff's equity in the marital home and in the parties' business, Fabrion Interiors of Northeast Florida, Inc. ("Fabrion"). (Pl.['s] Ex. 7.)

7. Defendant is the sole owner of Fabrion Interiors. (Tr. at 53.)

8. The income from Fabrion and child support from Plaintiff are the only sources of Defendant's income.

9. From May 26, 1995 through March 30, 1998 neither party made payments to the other party. On March 31, 1998, Defendant obtained an Income Deduction Order from the Circuit Court for Duval County ordering Plaintiff's employer, Federal Express, to garnish $435.25 per month from Plaintiff's wages for child support. (Pl.['s] Ex. 9.)

10. Since April, 1998, Federal Express has garnished Plaintiff's wages.

11. On March 24, 1998, Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code. Defendant's Bankruptcy Schedule F listed Plaintiff's claim as an unsecured priority claim. (Doc. 1.)

12. On June 16, 1998, Plaintiff filed a Complaint to Determine the Dischargeability of a Debt. (Adv. Doc 1.)

### CONCLUSIONS OF LAW

Plaintiff seeks to have the debt Defendant owes him excepted from Defendant's

discharge pursuant to 11 U.S.C. § 523(a)(15)

Section 523(a)(15) provides that:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor ... or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor....

11 U.S.C. § 523(a)(15) (1999).

Plaintiff contends that Defendant has the ability to pay the debt and that the detrimental consequences to him resulting from discharge of the debt would outweigh the benefit to Defendant.

### Defendant's Ability to Pay

 The Court must determine whether Defendant is able to pay the debt she owes to Plaintiff. A debtor's financial circumstances are evaluated at or near the time of trial. See *Busch v. Busch (In re Busch)*, 226 B.R. 710, 713 (Bankr.M.D.Fla. 1998), *Christison v. Christison (In re Christison)*, 201 B.R. 298, 308 (Bankr.

M.D.Fla.1996) (citing In re Hesson, 190 B.R. 229, 238 (Bankr.D.Md.1995)). This Court uses the disposable income test embodied by § 1325(b)(2) test to determine whether a debtor has the ability to pay pursuant to § 523(a)(15)(A). *Phillips v. Phillips (In re Phillips)*, 187 B.R. 363, 368 (Bankr.M.D.Fla.1995) (citing In re Hill, 184 B.R. 750, (Bankr.N.D.Ill.1995)). Section 1325 defines disposable income as income "not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor...." 11 U.S.C. § 1325. Initially the Court must determine the amount of Defendant's monthly income.

### Defendant's Income

In *In re Phillips*, this Court held that the defendant bears the burden of proof in a § 523(a)(15) Proceeding. Defendant's only evidence regarding her inability to pay is her assertion that she earns $1,200.00 monthly from her business after expenses and that she intends to pay her husband from $800.00 to $1,000.00 per month for her share of the household expenses. Plaintiff, on the other hand offered Fabrion's Profit and Loss and checking account statements from July 1998 through December 1998. After reviewing these statements, the Court finds that Fabrion has an average cash monthly surplus of $1,497.81, the difference between its $2,468.83 average monthly sales and its average monthly expenses of $971.02.[1] The only expenses not encompassed by the $971.02 are Fabrion's telephone and electric bills. On Cross–Examination, however, Defendant admitted that Fabrion had no telephone or utility accounts, and that the amounts listed on Fabrion's Profit and Loss Statements were for her personal telephone and utility accounts. Additional-

---

1. The Court calculates the average monthly expense of $971.02 by adding the following average monthly expenses: $50.00 for Accounting Fees, $110.70 for automobile and gas expenses, $11.00 for a beeper, $17.96 for bank charges, $240.00 for a Cartex Limited Franchise Fee, $75.00 for automobile insurance, $8.25 for licenses and permits, $82.61 for office supplies, $42.50 for payroll expenses, and $333.00 for an automobile payment.

ly, Defendant receives $430.00 per month in child support from Plaintiff for a total monthly income of $1,927.81.

### Defendant's Expenses

The Court will review Defendant's expenses to determine whether they are reasonable.

### I. Food

■ Defendant testified that she spends approximately $300.00 per month on food for herself, her daughter, and her twenty year old son. The Court finds that Defendant's twenty year old son is not her dependent. Defendant did not list him as a dependent on her Bankruptcy Schedule I. Also, he works thirty five hours per week earning an hourly wage of $9.25 or $1,295.00 monthly. On one hand Defendant asserts that her earnings from Fabrion are $1,200.00 per month. On the other Defendant expects the Court to take into account the amounts she spends on her son when it determines whether she has the ability to pay Plaintiff. The Court is unable to reconcile Defendant's two positions and will therefore not consider any expenses attributable to Defendant's son in its determination of whether Defendant's expenses are reasonably necessary. Nonetheless, the Court finds that $300.00 is a reasonable monthly amount for food for Defendant and her daughter.

### II. Student Loan Payment

■ Defendant pays $177.00 per month on her twenty year old son's student loan. Although the Court has found that Defendant's son is not her dependent, Defendant cosigned on the loan and is herself liable for the debt, which was not discharged by the bankruptcy. The Court finds that the $177.00 monthly student loan payment is reasonably necessary.

### III. Life Insurance Premium

■ Defendant pays a $104.00 monthly premium for a whole life insurance policy. Defendant's three children, only one of whom is her dependent, are the beneficiaries of the policy. In the event of a distribution, the proceeds of the policy would be divided into three equal shares. The Court finds that $35.00, one third of the $104.00 monthly premium, is reasonably necessary.

### IV. Miscellaneous Expenses

■ Defendant spends $91.80 on federal taxes, $50.00 on clothing, $25.00 on laundry, $35.00 on medical and dental bills, and $75.00 on entertainment monthly. The Court finds that these expenses are reasonably necessary.

### V. Housing Expense

■ Defendant asserts that she will pay her husband $800.00 to $1,000.00 monthly for her share of the household expenses such as rent, electric, telephone, and water. Defendant's husband testified that his combined monthly mortgage and property tax payment is $867.00, his monthly utility bill is $150.00, and his monthly cable bill is $60.00 for a total of $1,077.00. Defendant, her husband, her ten year old daughter, and her twenty year old son will be living in the house. The Court finds that $538.50, half of the total household expenses, is reasonably necessary Defendant and her daughter. As the Court previously noted, amounts attributable to Defendant's son are not reasonably necessary pursuant to § 1325(b)(2).

■ Defendant's total monthly expenses are $1,327.30. This amount is arrived at by adding Defendant's reasonably necessary monthly expenses for food, student loan, life insurance, entertainment, miscellaneous, and housing expenses. Defendant's total monthly income is $1,927.81, the sum of the net earnings from Fabrion and the child support from Plaintiff. After subtracting Defendant's monthly expenses from her monthly income, Defendant is left with $600.51 monthly from which she has the ability to pay Plaintiff $430.00. The Court finds that Defendant has not

met her burden of proof as to her inability to pay her former husband pursuant to § 523(a)(15)(A). Consequently, the debt Defendant owes to Plaintiff will be excepted from discharge unless Defendant meets the requirements of § 523(a)(15)(B).

### Benefit to Debtor versus Detriment to Creditor

█ Even if Defendant has the ability to pay the debt she owes to Plaintiff, the debt will nonetheless be discharged if Defendant proves that discharging the debt would result in a benefit to her that outweighs the detrimental consequences to her former spouse, Plaintiff. 11 U.S.C. § 523(a)(15)(B) (1999). The Court must weigh the benefit to the Debtor of a discharge against the detrimental consequences that Plaintiff would suffer were the debt discharged.

█ "To apply this section as Congress intended, this Court must in essence evaluate the lifestyles of the parties and measure the benefit of former wife's discharge against the degree of harm suffered by former husband. The legislative history of this section requires this Court to make a value judgment in deciding which party suffers the most." *Phillips v. Phillips (In re Phillips)*, 187 B.R. 363, 369 (Bankr. M.D.Fla.1995).

█ Defendant's only argument to support a finding that the benefit of a discharge to her outweighs the detriment to Plaintiff is a statement that the net practical effect of a finding of nondischargeability will be that Plaintiff will not be required to provide for the current and future support of his eleven year old daughter, because the child support he is forced to pay will be offset by an identical amount per month payable to him from Defendant. Defendant argues that the settlement agreement and Final Judgment were drafted to avoid scrutiny by the Circuit Court judge, who would never be expected to approve a no child support arrangement. Essentially, Defendant argues that the agreement was unfair and that Plaintiff got the better end of the deal. The Court does not find these arguments compelling. The Court must decide whether the benefit of a discharge to Defendant would outweigh the detrimental consequences to Plaintiff, not whether the agreement between the parties was one-sided.

Even though the burden of proof was not his, Plaintiff offered evidence as to the detrimental consequences he would suffer if the debt were discharged. Plaintiff remarried and has since had two children, one of whom has cerebral palsy. Plaintiff's wife is unable to work because she takes the child to therapy eight times a week. Consequently, Plaintiff's income is the family's sole source of support. Although Plaintiff works a second job making pizzas to earn extra income, his monthly expenses of $3,190.35 exceed his monthly net income of $2,825.00 by $365.35. Additionally, Plaintiff testified that he has incurred $20,000.00 in unreimbursed medical expenses. In *In re Phillips* this Court stated that § 523(a)(15)(B) requires this Court to exercise its pure equitable powers. *Phillips v. Phillips (In re Phillips)*, 187 B.R. 363, 369 (Bankr. M.D.Fla.1995). The Court finds that Defendant has not proven by a preponderance of the evidence that the benefit of a discharge to her would outweigh the detrimental consequences to Plaintiff.

### CONCLUSION

The Court finds that Defendant has failed to prove that she is unable to pay the debt she owes to Plaintiff or that the benefit of a discharge to her would outweigh the detrimental consequences to Plaintiff. Accordingly, the Court holds that the debt Defendant owes to Plaintiff is excepted from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(15). The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

### JUDGMENT

This Proceeding came before the Court upon a Complaint to Determine the Dischargeability of a Debt pursuant to 11 U.S.C. § 523(a)(15). Upon Findings of Fact and Conclusions of Law separately entered, it is

ORDERED:

1. The debt Defendant owes to Plaintiff is nondischargeable.

2. Judgment is entered in favor of Plaintiff, Robert Gregory Tersen, and against Defendant, Dewana Jane Tersen.

3. Pursuant to 11 U.S.C. § 523(a)(15), Defendant's obligation to pay Plaintiff $430.00 per month for Plaintiff's equity in the marital home and Fabrion Interiors of N.E. Fla, Inc., as set forth in the Final Judgment of Dissolution of Marriage, by the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, in case number 95–3820–FM, is excepted from the discharge entered on July 9, 1998.