In re William S. **REDFORD**, Jr. and Catherine M. Redford, Debtors.

**Goetschel Funding Company, LLC, Plaintiff,**

v.

**William S. Redford, Jr., Defendant.**

**Bankruptcy No. 98–50358.
Adversary No. 98–5042.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

April 12, 1999.

**561**

Calvin Jackson, Macon, Georgia, for debtor.

Susan L. Howick, Macey, Wilensky, Cohen, Wittner & Kessler, LLP, Atlanta, Georgia, for Goetschel Funding Company, LLC.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Motion for Reconsideration by Goetschel Funding Company, LLC ("Movant"). The subject order entered on March 1, 1999 denied Movant's Motion for Summary Judgment as to the dischargeability of a debt owed by William S. Redford, Jr. ("Debtor"). The Court's determination of that motion was a core matter within the meaning of 28 U.S.C. § 157(b)(2)(I). Reconsideration of the order is, likewise, a core matter within the meaning of that section. Debtor opposes Movant's Motion for Reconsideration. The findings of fact set out in the March 1, 1999 order are adopted for the purpose of this order.

In its motion, Movant asks this Court to reconsider its blanket denial of the motion for summary judgment. Movant asserts that no genuine issue of material fact is in dispute as to the first element of actual fraud under 11 U.S.C. § 523(a)(2)(A)—that Debtor made false representations—and that, therefore, it is entitled to partial summary judgment on that issue.

"[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 91 L.Ed.2d 265 (1986) (quoting FED.R.CIV.P. 56(c)). Once the moving party has properly supported its motion with such evidence, the party opposing the motion " 'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968) (quoting FED. R.CIV.P. 56(e))). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Where some facts are in dispute—so that, ultimately, the case must go before the factfinder—but others are not, the court may, upon motion by a party, "ascertain what material facts exist without substantial controversy and what material facts are actually in good faith controverted." FED.R.CIV.P. 56(d). This partial summary judgment is "a pre-trial adjudication that certain issues are established for trial of the case." *FDIC v. Massingill*, 24 F.3d 768, 774 (5th Cir.1994).

First, the Court must consider the evidence presented by Movant and determine whether it properly supports a basis for its motion. In support of its motion, Movant

submitted fifty-eight affidavits sworn by representatives of companies that had received invoices from Debtor which they claim contained false representations. Movant claims Debtor further made false representations to it when Debtor assigned the invoices to Movant and represented, in accordance with the Accounts Receivable Purchase Agreement, that each invoice was "an accurate and undisputed statement of indebtedness owed to [Debtor] by a customer for a sum certain ... arising out of a bona fide sale, delivery and acceptance of merchandise or performance or service by [Debtor] to Customer in the ordinary course of [Debtor's] business." The Court finds that the fifty-eight affidavits properly support Movant's motion and require a response from Debtor to the allegations contained in those affidavits.

The only response offered by Debtor to the affidavits was a general denial that he ever made any misrepresentations to the affiants or Movant. The Court finds that this response is sufficient to create a genuine issue of fact only as to six of the fifty-eight affidavits.

The six affidavits that are sufficiently disputed are numbers 9, 22, 27, 28, 37, and 46. These affidavits were sworn by company representatives who, after receiving orders, reviewed the invoices and determined that the "price of the supplies and/or quantity sent to [their] office was not as quoted on the telephone." They determined the prices had been grossly inflated and that they would not have ordered the products at the price represented. In addition, these representatives complained that they had not been informed of the "exorbitant fees for handling and insurance on the orders." As a result of the information contained on the invoices, they concluded they were "not liable for the amounts shown on the attached invoices."

■ What these affidavits indicate is that the company representatives recognize that their company may be liable for at least a portion of the price listed on the invoice. However, they failed to specify which portion they claim to owe and which portion they do not. Such a general allegation cannot easily be denied by an opposing party. The specific evidence necessary to rebut these allegations cannot be identified by Debtor, if any exists, without knowing exactly which charges are disputed and which charges are admitted. If, for example, a price or charge is alleged to be inflated, Movant should specify the correct price or charge and compare it to the alleged inflated price or charge. To make a conclusory allegation that the entire debt is not owing because some portion of it is inflated is in reality a general allegation which is fully rebutted for the purpose of this summary judgment motion by Debtor's general denial. Therefore, the Court finds that Debtor's general denial that he misrepresented anything on those invoices referred to by these six affidavits is sufficient to create a genuine dispute as to the falsity of the price contained in those invoices.

■ As for the remaining fifty-two affidavits, they contain allegations of sufficient specificity as to require Debtor to come forward with specific evidence showing that a genuine issue of fact remains for trial. Debtor's general denial does not satisfy this burden. The remaining affidavits specify either that the price and/or quantity was not as quoted so that the products were returned (affidavits 1–2, 12, 14–21, 23–26, 35–36, 38–42, 50–51, 56), or the supplies were never ordered and/or the products were never received (affidavits 3–6, 8, 10–11, 13, 29–34, 40–45, 47–49, 52–55, 58), or the person listed on the invoice as having ordered the supplies was not even an employee of the company on the date of the order so that the company could not possibly have placed the order (affidavits 7, 57). Simply stating in response to these specific allegations that no misrepresentations were ever made does not create a genuine issue of material fact.

Therefore, the Court finds that the invoices referred to in these fifty-two affidavits amount to false representations by Debtor. The Court further finds that when Debtor assigned each invoice to Movant and represented that it was an "accurate and undisputed statement of indebtedness owed to [Debtor] by a customer for a sum certain ... arising out of a bona fide sale," Debtor made an actual overt false representation to Movant within the meaning of section 523(a)(2)(A). *See Schweig v. Hunter (In re Hunter),* 780 F.2d 1577, 1580 (11th Cir.1986).

In conclusion, Movant's motion for reconsideration and partial summary judgment on the issue of whether Debtor made a false representation is granted as to the invoices referred to in the fifty-two affidavits specified above. As to the remaining six invoices, a genuine issue of material fact exists as to whether, or to what extent, Debtor made a false representation, and therefore, Movant's motion as to those invoices is denied.