**In re Joe B. NARANJO, Debtor.**

**Judy Ann Keeter, Plaintiff,**

v.

**Joe B. Naranjo, Defendant.**

**Bankruptcy No. 05–09757–3F7. Adversary No. 05–0331.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Aug. 31, 2006.

Joe B. Naranjo, Atlantic Beach, FL, pro se.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This proceeding came before the Court on the Complaint filed by Plaintiff, Judy Ann Keeter ("Plaintiff") seeking to determine the dischargeability of debt owed to her by Debtor, Joe B. Naranjo ("Debtor"), pursuant to 11 U.S.C. § 523(a)(6), and denial of Debtor's discharge pursuant to 11 U.S.C. § 727. The trial of this adversary proceeding was held on June 7, 2006, and at its conclusion the Court ruled that Plaintiff failed by a preponderance of the evidence to prove Count II of her Complaint, to wit, that the Debtor should be denied discharge pursuant to 11 U.S.C. § 727. The Court then elected to take Count I under advisement. In lieu of oral argument, the Court directed the parties to submit memoranda in support of their respective positions. Upon the evidence presented and the arguments of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Debtor leased certain residential premises, 3162 Herring Street, Jacksonville, Florida (the "Property"), from Plaintiff and occupied the same from 2003 through May, 2005. During Debtor's tenancy, he failed to make timely rent payments. Plaintiff initiated eviction proceedings, after which Debtor vacated the Property and agreed in writing to pay for any damages to the Property from his security deposit. After vacating the Property, Plaintiff informed Debtor that she would in fact with-

hold his security deposit, due to the immensely deteriorated condition of the Property. The damage included, but was not limited to, holes in the walls, damage to the central heat and air due to failure to replace the air filter, removal of the front storm door, and stripping of the new polyurethane of the hardwood floors. Debtor filed suit against Plaintiff in the County Court for a refund of his security deposit and Plaintiff counter-sued for damage to the Property.

On September 9, 2005, Debtor filed a petition for protection under Chapter 7 of the Bankruptcy Code. On or about the same date, Plaintiff filed a motion to amend her counterclaim or for attorney's fees in the state court proceeding. (Debtor's Ex. 2.) On October 23, 2005, the County Court entered a judgment in favor of Plaintiff and awarded her $1,558.20 for damages to her property, and further held that Debtor gets credit for $975.00, his security deposit withheld by the Plaintiff. (Debtor's Ex. 1.) Subsequently, Debtor filed a suggestion of bankruptcy in the state court proceeding, and Plaintiff filed this adversary proceeding. Plaintiff seeks a judgment that the damages awarded to her by the state court should be held nondischargeable pursuant to 11 U.S.C. § 523(a)(6) and, additionally, seeks attorney's fees for the state court proceeding.

### CONCLUSIONS OF LAW

■ Pursuant to 11 U.S.C. § 523(a)(6), the debt owed as a result of willful and malicious injury by the debtor to another entity or to the property of another entity is excepted from the debtor's discharge. However, in order for a particular debt to be excepted from discharge under this section, the plaintiff carries the burden to prove by a preponderance of the evidence that the debtor's actions fit within the exception. *Grogan*

*v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Furthermore, the objections to discharge are to be strictly construed against the creditor and liberally construed in favor of the debtor. *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir.1986).

■ The United States Supreme Court has ruled that as a prerequisite for establishing willful and malicious intent of 11 U.S.C. § 523(a)(6), the plaintiff must prove that the injury was intentional and the debtor intended the consequences of his act or omission. *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998); *see also Ford v. Pupello (In re Pupello)*, 281 B.R. 763, 768 (Bankr.M.D.Fla.2002). A mere deliberate or intentional act that leads to injury is not sufficient to except a debt from discharge. *Id.*

■ Plaintiff alleges that, among other things, Debtor damaged the leased premises by knocking holes in the walls, failing to change the air filters for the air conditioning system, and destroying light fixtures. Plaintiff further alleges that pursuant to 11 U.S.C. § 523(a)(6), the monetary damages awarded to her by the state court should be excepted from discharge.

Plaintiff failed to prove malicious or willful intent as established by the United States Supreme Court. The evidence Plaintiff presented at trial supports inferences of damage, but it does not support her contentions that Debtor acted intentionally. Furthermore, the state court's judgment on Plaintiff's counter-claim, in which she was awarded certain monetary award, does not infer that Debtor acted willfully. Thus, Debtor's debt to Plaintiff is not excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

■ Plaintiff also seeks attorney's fees for her representation in the state court

proceeding. Plaintiff made the same prayer in the state court proceeding by filing a motion to amend counterclaim or for attorney's fees. However, the state court judgment only awarded the Plaintiff monetary damages and no attorney's fees. The state court's judgment has *res judicata* effect on this proceeding and pursuant to the full faith and credit clause of the United States Constitution, the Court is bound to give that judgment full credit. The Court has no authority to award attorney's fees, and even if it did, the attorney's fees would not be excepted from discharge.

### CONCLUSION

For the foregoing reasons, the Court finds that Debtor did not willfully and maliciously injure Plaintiff's property. Therefore, Debtor's debt to Plaintiff does not fall under the 11 U.S.C. § 523(a)(6) exception to discharge, and the debt will be discharged pursuant to 11 U.S.C. § 727, et. seq. The Court will enter a separate Judgment in accordance with these Findings of Facts and Conclusions of Law.